UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,

    Plaintiff and Counterclaim Defendant,

- against -

DEPFA BANK PLC and LLOYDS TSB BANK PLC,

    Defendants and Counterclaimants.

---

DEPFA BANK PLC,

    Third-Party Plaintiff,

- against -

ACCESS TO LOANS FOR LEARNING STUDENT LOAN CORPORATION and JPMORGAN CHASE BANK, N.A.

    Third-Party Defendant.

---

LLOYDS TSB BANK PLC,

    Third-Party Plaintiff,

-against-

ACCESS TO LOANS FOR LEARNING STUDENT LOAN CORPORATION,

    Third-Party Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2010

10 Civ. 4424 (DLC) (AJP)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for Plaintiff The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon"), Defendants DEPFA BANK plc ("DEPFA") and Lloyds TSB Bank plc ("Lloyds"), and Third-Party Defendants Access to Loans for Learning Student Loan Corporation ("ALL") and JPMorgan Chase Bank, N.A. ("JPMorgan") (collectively, the "Parties"), that the above-captioned action will involve the exchange of information which the Parties consider to be highly sensitive, confidential, or proprietary and the disclosure of which would create a risk of significant injury to

55647724.1

the producing Party's business. The Parties accordingly believe that a protective order restricting the use and dissemination of such confidential, proprietary, and sensitive information is necessary and appropriate to facilitate discovery and litigation of this matter among the Parties.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED pursuant to Fed. R. Civ. P. 26(c)(1) that:

1. The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-Party (or any of its attorneys or other agents), and all information derived therefrom.

2. Any Information concerning confidential, contractual, commercial, marketing or financial subjects may be designated by the producing Party as "Confidential" within the meaning of this Protective Order. The producing Party shall designate Information "Confidential" only when the producing Party has a reasonable, good faith belief that the Information so designated is otherwise confidential. Any Information not designated as "Confidential" in accordance with the procedures set forth herein shall not be covered by this Protective Order.

3. "Confidential" Information shall only be used for purposes of this action and not for any business, commercial or other purposes.

4. "Confidential" Information, except with the prior written consent of the producing Party or upon prior order of this Court, shall not be disclosed by any Party to any person other than the following:

55647724.1

2

(a) outside counsel for the Parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation (collectively "Outside Litigation Counsel");

(b) current employees of each of the Parties, including their parents, subsidiaries, and affiliates;

(c) outside experts, consultants, and/or litigation support vendors who are not employees of any Party and who are expressly retained to assist counsel of record for the Parties, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons (collectively "Outside Litigation Consultants");

(d) the Court, Court personnel, jurors, and mediators;

(e) Court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(f) any person who wrote or received the document designated "Confidential";

(g) during depositions only, any deposition witness who drafted or received or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document;

(h) persons who were employed by the Party producing the document designated "Confidential" at the time when the document was written; and

(i) any person being interviewed by a Party who already possessed knowledge of the "Confidential" Information before being contacted by the Party.

5. Any person receiving "Confidential" Information shall not disclose such Information to any person who is not entitled to receive such Information.

6. Any person entitled to receive "Confidential" Information pursuant to Paragraph 4 hereof as well as court reporters who are engaged to transcribe testimony in this action, shall, prior to being given any "Confidential" Information, read this Protective Order, and shall execute a sworn statement in the form annexed hereto as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. Such sworn statements shall be retained by counsel disclosing the "Confidential" Information and shall be made available for *in camera* inspection upon a showing of good cause, except that statements of Outside Litigation Consultants shall not be made available until such time as the Party is obligated to identify such individuals.

7. A Party shall designate Information as "Confidential" by affixing a stamp with such words on the document, electronic data, or electronic media before copies of the documents are delivered to another Party.

8. Any deposition transcript or videotaped deposition containing "Confidential" Information shall be marked on the cover "Confidential" and shall indicate as appropriate within the transcript and on the videotape that the Information has been so designated. A Party may designate any or all portions of the transcript (including exhibits) as containing "Confidential" Information by advising the other Parties which pages are "Confidential" within thirty (30) days after receipt by the designating Party of the transcript. Until thirty (30) days have passed after the receipt of any transcript, the entire transcript and videotape shall be deemed to contain "Confidential" Information. Counsel for the Party disclosing such "Confidential" Information during any proceedings in this action shall, before such Information is disclosed, advise counsel

for all other Parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Information pursuant to the terms of this Protective Order are present when such information is disclosed.

9. In the event that counsel for any Party decides to file with or submit to the Court any "Confidential" Information, the following procedures shall be used:

    (a) All Information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the court and any pretrial pleading, motions, or other papers filed with the Court disclosing any "Confidential" Information shall be filed under seal and kept under seal until further order of this Court.

    (b) The Parties agree to refrain, whenever possible, from including "Confidential" Information in the titles of the documents filed with the court so that, in all instances, the titles of the documents – and the Court's docket sheet reflecting those titles – may remain public.

    (c) All filings to be filed under seal, in whole or in part, must be so designated by the Party making the filing. Filings containing "Confidential" Information may be used in their entirety in such a proposed filing. If a proposed filing containing such information is not placed under seal in its entirety, those portions containing "Confidential" Information must be separated from the pleading and placed in an envelope bearing the caption of this case, the name of the filing, and the legend "Filed Under Seal."

10. The use of any "Confidential" Information for the purpose of any trial or any hearing which is open to the public is not addressed at this time.

55647724.1

5

11. Any producing Party may give notice to any receiving Party that it is eliminating a previous designation of a document or other Information as "Confidential." Any receiving Party may request that a producing Party eliminate such designation, in accordance with Paragraph 13 below.

12. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own Information. Nor shall this Protective Order be construed to prevent any Party or its counsel or Outside Litigation Consultants from making use as they see fit of Information that was lawfully available to the public or lawfully in the possession of the Party, counsel, or expert, or that properly came into the possession of the Party, counsel, or expert independent of any disclosure of "Confidential" Information in this litigation, or that was obtained from third parties in the course of this action and was not designated as "Confidential" by that third party.

13. If a Party disagrees with a producing Party's designation of Information as "Confidential" or disputes the limitations on access to be accorded such information under this Protective Order, such Party shall provide to the producing Party written notice of its disagreement and specifically identify the Information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the Parties, the Party contesting the designation or restriction on access may seek relief from the Court. The Party who designated the Information as "Confidential" shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Party contesting the designation shall continue to treat the Information in the manner required by the Protective Order.

14. A Party that has inadvertently produced Information without designating it as "Confidential" Information may at any time prior to the fact discovery cut off in this action

55647724.1

redesignate such Information as "Confidential." The Party receiving such redesignated "Confidential" Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformance with any such redesignation.

15. If Information produced in discovery is subject to a claim of privilege, protection as trial preparation material, or other applicable privilege, protection, or immunity from discovery, the provisions of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall apply. A Party that received such Information may move the Court for an order compelling its production. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the production.

16. All provisions of this Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this proceeding, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other Information deemed to be "Confidential" shall, at the request of the producing Party, be returned to the producing Party at the producing Party's expense or destroyed within one month after a final judgment and appeals herein or settlement of this action, except that outside counsel for each Party (whether or not counsel of record) may maintain in its files one copy of each pleading, brief, affidavit, declaration, and other papers submitted to the court (including exhibits), and each written discovery request and the formal responses and objections thereto (excluding any "Confidential" documents or other Information produced by the responding party). Upon request from any Party, a Party who elects to destroy "Confidential" documents in its possession will attest to the fact that such documents have been destroyed. ·

55647724.1

17. Neither this Protective Order nor any Party's designation of Information as "Confidential" shall affect the admissibility into evidence of the Information so designated. Nothing contained in this Stipulation and Protective Order or any designation of confidentiality hereunder or any failure to make such a designation shall be used or characterized by any Party as an "admission" by a Party or a Party opponent.

18. Third Parties from whom discovery is sought by the Parties to this Protective Order may designate Information as "Confidential" consistent with the terms of this Protective Order, provided that such third parties agree in writing to be bound by the Protective Order. Under such circumstances, all duties applicable to a producing Party shall apply to such third party. All obligations applicable to Parties receiving such information shall apply to any Party receiving information from such third party.

19. This Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Stipulation and Protective Order.

**This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does <u>NOT</u> so order _¶ 9_, which purports to authorize the parties to file documents under seal without a prior court order.**

*/s/ Denise Cote*
October 28, 2010

55647724.1

8

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.

By: *Judith A. Archer/sc*
Judith A. Archer, Esq.
Fulbright & Jaworski, LLP
666 Fifth Avenue
New York, New York 10103-3198
T: 212.318.3000
F: 212.318.3400
jarcher@fulbright.com

LLOYDS TSB BANK PLC

By: *David L. Barres*
David L. Barres, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
T: 212.692.6776
F: 212.983.3115
DLBarres@mintz.com

JPMORGAN CHASE BANK, N.A.

By: _____
James J. Coster, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
T: 212.818.9200
F: 212.818.9606
jcoster@ssbb.com

DEPFA BANK PLC

By: _____
Scott M. Berman, Esq.
Friedman, Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019
T: 212.833.1100
F: 212.373.7900
sberman@fklaw.com

ACCESS TO LOANS FOR LEARNING STUDENT
LOAN CORPORATION

By: _____
Scott R. Kipnis, Esq.
Hofheimer Gartlir & Gross LLP
530 Fifth Avenue
New York, New York 10036
T: 212.944.0500
F: 212.897.4980
skipnis@hgg.com

Dean C. Waldt, Esq.
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
T: 856.761.3450
F: 856.761.9002
waldtd@ballardspahr.com

SO ORDERED:

_____
Hon. Denise L. Cote, U.S.D.J.

55647724.1

9

## EXHIBIT A

### ACKNOWLEDGMENT

  I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Protective Order entered by the court in a matter entitled *The Bank of New York Mellon Trust Company, N.A. v. DEPFA Bank plc and Lloyds TSB Bank plc., No. 10-Civ.-4424 (DLC) (AJP)*. I hereby attest that I have been given a copy of and have read the Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Protective Order, and I consent to jurisdiction of those entities over my person for that purpose.

_____
Signature

_____
Name [typed or printed]

_____
Position

_____
Date

55647724.1

10