Judith A. Archer
Sarah E. O'Connell
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10019
Tel.: (212) 318-3000
jarcher@fulbright.com
soconnell@fulbright.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*The Bank of New York Mellon Trust Company, N.A.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A.,

        Plaintiff,

   -against-

DEPFA BANK PLC and
LLOYDS TSB BANK PLC,

        Defendants.

----------------------------------------------------------------

LLOYDS TSB BANK PLC,

        Counterclaim Plaintiff,

   - against -

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A.,

        Counterclaim Defendant.

----------------------------------------------------------------

LLOYDS TSB BANK PLC,

        Third-Party Plaintiff,

   -against-

ACCESS TO LOANS FOR LEARNING STUDENT
LOAN CORPORATION,

        Third-Party Defendant.

----------------------------------------------------------------

10 Civ. 4424 (DLC)

**ANSWER TO LLOYDS TSB BANK PLC'S AMENDED ANSWER, COUNTERCLAIMS, CROSSCLAIM, AND THIRD-PARTY COMPLAINT**

55643112.1

Plaintiff/Counterclaim Defendant The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") by its undersigned attorneys, for its answer to the Counterclaims of Defendant/Counterclaim Plaintiff Lloyds TSB Bank PLC ("Lloyds") in its Answer, Counterclaims, Crossclaims and Third-Party Complaint ("Counterclaims"), dated August 31, 2010, alleges as follows:

## COUNTERCLAIMS[1]

38.     BNY Mellon admits that Lloyds purports to assert counterclaims for breaches of contract and fiduciary duty but denies any liability for such claims. BNY Mellon admits that Lloyds is a holder of certain bonds issued by Access to Loans for Learning Student Loan Corporation ("ALL") and otherwise denies the truth of the allegations set forth in paragraph 38 of the Counterclaims.

## PARTIES

39.     BNY Mellon admits on information and belief the truth of the allegations set forth in paragraph 39 of the Counterclaims.

40.     BNY Mellon admits the truth of the allegations set forth in paragraph 40 of the Counterclaims.

41.     BNY Mellon admits on information and belief the truth of the allegations set forth in paragraph 41 of the Counterclaims.

42.     BNY Mellon admits on information and belief the truth of the allegations set forth in paragraph 42 of the Counterclaims.

---

[1] The paragraph numbers in this Answer correspond to the paragraph numbers of the Counterclaims, which are continuously numbered with Lloyds' Answer and other claims. The paragraphs preceding and following those referenced in this Answer pertain to Lloyds' Answer and Lloyds' Crossclaims and Third-Party claims against parties other than BNY Mellon.

## JURISDICTION AND VENUE

43.     BNY Mellon admits that Lloyds attempts to invoke the jurisdiction of the Court under 28 U.S.C. § 1332, admits that more than $75,000 is demanded against BNY Mellon and ALL, but denies that any sum is due from BNY Mellon. The remainder of the paragraph states a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 43 of the Counterclaims.

44.     BNY Mellon admits that Lloyds attempts to invoke the jurisdiction of this Court under FRCP 13(a)(1) and avers that the remainder of the paragraph states a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 44 of the Counterclaims.

45.     BNY Mellon admits that Lloyds purports to place venue in this district and avers that paragraph 45 of the Counterclaims asserts a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 45 of the Counterclaims.

## FACTUAL BACKGROUND

46.     BNY Mellon admits on information and belief the truth of the allegations set forth in paragraph 46 of the Counterclaims.

47.     BNY Mellon admits that on or about August 1, 2005, ALL and JPMorgan Chase entered into a Trust Indenture (the "Indenture") and First Supplemental Indenture, and respectfully refers the Court to that document for its contents.

48.     BNY Mellon admits that on or about August 1, 2005, ALL, JPMorgan Chase and DEPFA BANK plc ("DEPFA") entered into a Standby Bond Purchase Agreement (the "DEPFA

Liquidity Facility"), respectfully refers the Court to that document for its contents, and otherwise denies the truth of the allegations set forth in paragraph 48 of the Counterclaims.

49. BNY Mellon respectfully refers the Court to the Indenture for its contents, admits that on or about August 1, 2006, ALL and JPMorgan Chase entered into a Second Supplemental Indenture (the "Second Supplemental Indenture"), respectfully refers the Court to that document for its contents, and otherwise denies the truth of the allegations set forth in paragraph 49 of the Counterclaims.

50. BNY Mellon admits that on or about August 1, 2006, ALL, JPMorgan Chase and Lloyds entered into a Standby Bond Purchase Agreement (the "Lloyds Liquidity Facility"), respectfully refers the Court to that document for its contents, and otherwise denies the truth of the allegations set forth in paragraph 50 of the Counterclaims.

51. BNY Mellon admits upon information and belief the truth of the allegations set forth in paragraph 51 of the Counterclaims and respectfully refers the Court to the rehabilitation proceedings in Wisconsin for their substance.

52. BNY Mellon respectfully refers the Court to the Lloyds Liquidity Facility for its contents, admits that Lloyds purchased ALL Series V bonds, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Counterclaims.

53. BNY Mellon admits that Lloyds purchased ALL Series V bonds on the dates and in the purchase amounts set forth in paragraph 53 of the Counterclaims, admits that the chart in paragraph 53 sets forth the redemption dates for the bonds, and otherwise denies the allegations set forth in paragraph 53 of the Counterclaims.

54. BNY Mellon refers to the referenced contract for its contents and otherwise denies the truth of the allegations set forth in paragraph 54 of the Counterclaims.

## FIRST COUNTERCLAIM
### Breach of Contract for Failure To Make Mandatory Redemption Payments

55. BNY Mellon repeats and realleges its responses to paragraphs 38 through 54 of the Counterclaims as if fully set forth herein.

56. BNY Mellon admits that Lloyds' first counterclaim purports to concern the period from May 2008 through September 2009 and otherwise denies the truth of the remaining allegations set forth in paragraph 56 of the Counterclaims.

57. BNY Mellon respectfully refers the Court to the Second Supplemental Indenture and the Lloyds Liquidity Facility for their contents and otherwise denies the truth of the allegations set forth in paragraph 57 of the Counterclaims.

58. BNY Mellon respectfully refers the Court to the Indenture and the Lloyds Liquidity Facility for their contents, and otherwise denies the truth of the allegations set forth in paragraph 58 of the Counterclaims.

59. BNY Mellon respectfully refers the Court to the Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for their contents, admits that it did not make any redemption payments on the Series V-A-3, V-A-4 and V-A-5 Bonds until October 27, 2008, and otherwise denies the truth of the allegations set forth in paragraph 59 of the Counterclaims.

60. BNY Mellon respectfully refers the Court to the Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for their contents, admits that BNY Mellon did not make redemption payments on the dates set forth in paragraph 60 of the Counterclaims and otherwise denies the truth of the allegations set forth in paragraph 60 of the Counterclaims.

61.     BNY Mellon admits that it was directed to make and made redemption payments to Lloyds on the dates set forth in paragraph 61 and otherwise denies the truth of the allegations set forth in paragraph 61 of the Counterclaims.

62.     Paragraph 62 of the Counterclaims constitutes a conclusion of law to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 62 of the Counterclaims.

63.     BNY Mellon denies the truth of the allegations set forth in paragraph 63 of the Counterclaims.

## SECOND COUNTERCLAIM
### Breach of Fiduciary Duty

64.     BNY Mellon repeats and realleges its responses to paragraphs 38 through 63 of the Counterclaims as if fully set forth herein.

65.     BNY Mellon respectfully refers the Court to the Indenture for its contents and avers that the second sentence of paragraph 65 states a legal conclusion to which no response is required. To the extent that a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 65 of the Counterclaims.

66.     BNY Mellon denies the truth of the allegations set forth in paragraph 66 of the Counterclaims.

67.     BNY Mellon denies the truth of the allegations in set forth paragraph 67 of the Counterclaims.

## THIRD COUNTERCLAIM
### Accounting

68.     BNY Mellon repeats and realleges its responses to paragraphs 38 through 67 of the Counterclaims as if fully set forth herein.

69. BNY Mellon respectfully refers the Court to the email from Lloyds to the Trustee, dated May 22, 2009, for its contents, admits that it has not provided an accounting to Lloyds, denies that it has an obligation to do so, and otherwise denies the truth of the allegations set forth in paragraph 69 of the Counterclaims.

70. BNY Mellon respectfully refers the Court to the letter from Lloyds to BNY Mellon, dated August 31, 2010, for its contents and otherwise denies the truth of the allegations set forth in paragraph 70 of the Counterclaims.

71. BNY Mellon admits that it has not provided an accounting to Lloyds, denies that it has an obligation to do so, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Counterclaims, and therefore denies them.

72. Paragraph 72 of the Counterclaims states a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 72 of the Counterclaims.

73. BNY Mellon admits that BNY Mellon is the Trustee of a trust of which Lloyds is a beneficiary, and otherwise denies the truth of the allegations in the first sentence of paragraph 73. The second sentence of paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in the second sentence of paragraph 73 of the Counterclaims.

74. BNY Mellon denies the truth of the allegations set forth in paragraph 74 of the Counterclaims.

## FOURTH COUNTERCLAIM
### Declaratory Judgment Concerning Contractual Rights to the Stake

75. BNY Mellon repeats and realleges its responses to paragraphs 38 through 74 of the Counterclaims as if fully set forth herein.

76. BNY Mellon admits that the Lloyds' fourth counterclaim purports to assert Lloyds' rights to the stake in contest in this interpleader action and otherwise denies the truth of the allegations set forth in paragraph 74 of the Counterclaims.

77. BNY Mellon admits that it ceased making redemption payments to DEPFA and Lloyds given the dispute between DEPFA and Lloyds, avers that Lloyds requested that such payments be suspended, and otherwise denies the truth of the allegations set forth in paragraph 77 of the Counterclaims.

78. BNY Mellon respectfully refers the Court to the Indenture, Second Supplemental Indenture and Lloyds Liquidity Facility for their contents, and otherwise denies the truth of the allegations set forth in paragraph 78 of the Counterclaims.

79. BNY Mellon respectfully refers the Court to the communications referenced in paragraph 79 of the Counterclaims, including the letter dated April 6, 2010, for their contents, and otherwise denies the truth of the allegations set forth in paragraph 79 of the Counterclaims.

80. BNY Mellon respectfully refers the Court to the referenced communications, including the letter dated April 6, 2010, the Indenture and the DEPFA Liquidity Facility for their contents and otherwise denies the truth of the allegations set forth in paragraph 80 of the Counterclaims.

81. BNY Mellon respectfully refers the Court to the Indenture, the Second Supplemental Indenture, the Lloyds Liquidity Facility and the DEPFA Liquidity Facility for their

contents, admits that it did not violate any of DEPFA's contractual rights and otherwise denies the truth of the allegations set forth in paragraph 81 of the Counterclaims.

82. BNY Mellon respectfully refers the Court to the communications referenced in paragraph 82 of the Counterclaims, including letters dated April 22 and May 18, 2010, for their contents, and otherwise denies the truth of the allegations set forth in paragraph 82 of the Counterclaims.

83. BNY Mellon admits that ALL has redeemed $24,050,000 of principal amount of Bonds purchased by Lloyds to date, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 83 of the Counterclaims.

84. Paragraph 84 sets forth a legal conclusion to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 84 of the Counterclaims.

85. BNY Mellon admits that DEPFA purchased bonds in February through June 2008, respectfully refers the Court to the DEPFA Liquidity Facility for its contents and the Bonds for their maturity, and otherwise denies the truth of the remaining allegations set forth in paragraph 85 of the Counterclaims.

86. BNY Mellon denies the truth of the allegations set forth in paragraph 86 of the Counterclaims.

87. BNY Mellon admits that it has not made redemption payments since November 2009, avers that Lloyds requested that such payments be suspended, and otherwise denies the truth of the allegations set forth in paragraph 87 of the Counterclaims.

88. BNY Mellon denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Counterclaims.

89. BNY Mellon avers that paragraph 89 of the Counterclaims is a hypothetical allegation to which no response is required.  To the extent a response is required, BNY Mellon denies the truth of the allegations set forth in paragraph 89 of the Counterclaims.

90. BNY Mellon avers that DEPFA and Lloyds have asserted adverse legal interests and an actual and substantial controversy exists between them, denies that BNY Mellon has a stake or interest in this dispute or any liability to any party hereto, and otherwise denies the truth of the allegations set forth in paragraph 90 of the Counterclaims.

91. BNY Mellon avers that the Court should declare the rights and legal relationships of the parties as set forth in the Interpleader Complaint and otherwise denies the truth of the allegations set forth in paragraph 91 of the Counterclaims.

92. BNY Mellon avers that the Court should declare the rights and legal relationships of the parties as set forth in the Interpleader Complaint and respectfully refers the Court to that Complaint and the Lloyds Liquidity Facility for their contents.  The remaining allegations set forth in paragraph 92 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, BNY Mellon denies the truth of the remaining allegations set forth in paragraph 92 of the Counterclaims.

93. BNY Mellon avers that the Court should declare the rights and legal relationships of the parties as set forth in the Interpleader Complaint and respectfully refers the Court to that Complaint, the Second Supplemental Indenture and Lloyds Liquidity Facility for their contents.  The remaining allegations set forth in paragraph 93 of the Counterclaims constitute legal

conclusions to which no response is required. To the extent a response is required, BNY Mellon denies the truth of the remaining allegations set forth in paragraph 92 of the Counterclaims.

### DEFENSES

BNY Mellon states the following defenses without assuming the burden of proof on such defenses that would otherwise rest on Lloyds.

### FIRST DEFENSE

The Complaint fails to state any claim against BNY Mellon upon which relief may be granted.

### SECOND DEFENSE

Lloyds' damages, if any, were caused, in whole or in part, by the conduct of parties or entities other than BNY Mellon, including, but not limited to, third-party defendant ALL, defendant DEPFA, or Lloyds itself.

### THIRD DEFENSE

Lloyds' damages, if any, are barred, in whole or in part, for failure to mitigate.

### FOURTH DEFENSE

Lloyds damages, if any, are barred, in whole or in party, by the doctrine of waiver.

### FIFTH DEFENSE

Lloyds causes of action are barred, in whole or in part, by the doctrine of estoppel and unclean hands.

### SIXTH DEFENSE

Lloyds' causes of action are barred, in whole or in part, by the equitable doctrine of laches.

**SEVENTH DEFENSE**

Lloyds' causes of action are barred, in whole or in part, by the express terms of the Indenture, the Second Supplemental Indenture and/or the Lloyds Liquidity Facility.

WHEREFORE, BNY Mellon denies that Lloyds is entitled to any relief on its Counterclaims and demands judgment against Lloyds, dismissing the Counterclaims with prejudice and with costs and reasonable attorneys' fees and such other and further relief as the Court may deem appropriate.

Dated: October 29, 2010
      New York, New York

                                       Respectfully submitted,

By: /s/ Judith A. Archer
                                  Judith A. Archer
                                  Sarah E. O'Connell
                                  666 Fifth Avenue
                                  New York, New York 10103
                                  Tel.: (212) 318-3000
                                  Fax: (212) 318-3400
                                  jarcher@fulbright.com
                                  soconnell@fulbright.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*The Bank of New York Mellon Trust Company, N.A.*