UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE BANK OF NEW YORK                              :
MELLON TRUST COMPANY, N.A.,                       :
                                                  :
       Plaintiff-Counterclaim Defendant,  :
                                                  :
       - against -                        :    No. 10 Civ. 4424 (DLC) (AJP)
                                                  :
DEPFA BANK PLC and                                :
LLOYDS TSB BANK PLC,                              :
                                                  :
       Defendants-Counterclaimants.       :
------------------------------------------------------------x
LLOYDS TSB BANK PLC,                              :
                                                  :
       Crossclaimant and                  :
       Crossclaim Defendant,              :    **DEPFA BANK PLC'S ANSWER**
                                                  :    **TO LLOYDS TSB BANK PLC'S**
       - against -                        :    **AMENDED CROSSCLAIM**
                                                  :
DEPFA BANK PLC,                                   :
                                                  :
       Crossclaim Defendant               :
       and Crossclaimant.                 :
------------------------------------------------------------x
DEPFA BANK PLC,                                   :
                                                  :
       Third-Party Plaintiff and Third-   :
       Party Counterclaim Defendant,      :
                                                  :
       - against -                        :
                                                  :
ACCESS TO LOANS FOR LEARNING                      :
STUDENT LOAN CORPORATION,                         :
                                                  :
       Third-Party Defendant and Third-   :
       Party Counterclaimant,             :
                                                  :
       - and –                            :
                                                  :
JPMORGAN CHASE BANK, N.A.                         :
                                                  :
       Third-Party Defendant.             :
------------------------------------------------------------x

```
LLOYDS TSB BANK PLC,                              :
                                                  :
              Third-Party Plaintiff,              :
                                                  :
       - against -                                :
                                                  :
ACCESS TO LOANS FOR LEARNING                      :
STUDENT LOAN CORPORATION,                         :
                                                  :
              Third-Party Defendant.              :
-----------------------------------------------------------x
```

Defendant, counterclaimant, crossclaimant, crossclaim defendant, third-party plaintiff, and third-party counterclaim defendant DEPFA BANK plc ("DEPFA"), by its undersigned counsel Friedman Kaplan Seiler & Adelman LLP, for its Answer to Lloyds TSB Bank plc's ("Lloyds") Amended Crossclaim, contained in Lloyds' Amended Answer, Counterclaims, Crossclaim and Third-Party Complaint ("Lloyds' Amended Pleading"), alleges, upon knowledge of its own acts and upon information and belief as to all others, as follows:

   38. Admit that Lloyds characterizes its counterclaims as "breaches of contract and fiduciary duty arising from the Trustee's failure to make all of the required payments . . . to Lloyds", but otherwise deny the allegations in Paragraph 38 of Lloyds' Amended Pleading.

   39. Admit, on information and belief, the allegations in Paragraph 39 of Lloyds' Amended Pleading.

   40. Admit, on information and belief, the allegations in Paragraph 40 of Lloyds' Amended Pleading.

   41. Admit the allegations in Paragraph 41 of Lloyds' Amended Pleading.

42. Admit, on information and belief, the allegations in Paragraph 42 of Lloyds' Amended Pleading.

43. Admit that the Court has jurisdiction over Lloyds' crossclaim. No response is required for the remainder of the allegations in Paragraph 43 of Lloyds' Amended Pleading because they are all legal conclusions.

44. No response is required because Paragraph 44 of Lloyds' Amended Pleading states a legal conclusion.

45. Admit the allegations in Paragraph 45 of Lloyds' Amended Pleading.

46. Admit the allegations in Paragraph 46 of Lloyds' Amended Pleading.

47. Admit the allegations in Paragraph 47 of Lloyds' Amended Pleading, and respectfully refer to: the Trust Indenture, dated as of August 1, 2005 (the "Trust Indenture"), by and between Access to Loans for Learning Student Loan Corporation ("ALL") and JPMorgan Chase Bank, N.A. ("JPMorgan Chase") as trustee (the "Trustee"); and the First Supplemental Indenture, dated as of August 1, 2005 (the "First Supplemental Indenture"), by and between ALL and JPMorgan Chase as Trustee; for a complete statement of the contents of each agreement.

48. Admit the allegations in Paragraph 48 of Lloyds' Amended Pleading; aver that in addition to any unpaid principal, DEPFA is entitled to receive payment for any interest due on the bonds it holds no later than the tenth anniversary of the purchase date of such bonds; and respectfully refer to the Standby Bond Purchase Agreement, dated as of August 1, 2005 (the "DEPFA Liquidity Facility"), by and among ALL, DEPFA, and JPMorgan Chase as Trustee, and to the DEPFA Liquidity Facility, for a complete statement of the contents of each agreement.

49. Deny each and every allegation in Paragraph 49 of Lloyds' Amended Pleading, except admit that on or around August 1, 2006, ALL and JPMorgan Chase entered into a Second Supplemental Indenture (the "Second Supplemental Indenture"), aver that the Second Supplemental Indenture was an unauthorized amendment to the Trust Indenture, and respectfully refer to the Second Supplemental Indenture for a complete statement of its contents.

50. Admit the allegations in the first sentence of Paragraph 50 of Lloyds' Amended Pleading, deny the allegations in the second sentence thereof, aver that the Standby Bond Purchase Agreement by and among ALL, JPMorgan Chase, and Lloyds, dated as of August 1, 2006 (the "Lloyds Liquidity Facility") was an unauthorized amendment to the Trust Indenture, and respectfully refer to the Lloyds Liquidity Facility for a complete statement of its contents.

51. Admit the allegations in Paragraph 51 of Lloyds' Amended Pleading.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Lloyds' Amended Pleading.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Lloyds' Amended Pleading.

54. Deny each and every allegation in Paragraph 54 of Lloyds' Amended Pleading, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof; aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture; and respectfully refer to the Trust

Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

55. No response is required because the allegations contained in Paragraph 55 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, repeat and reallege the responses set forth in Paragraphs 38 through 54.

56. No response is required because the allegations in Paragraph 56 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, admit that Lloyds characterizes its counterclaim as "concern[ing] missed redemption payments from May 2008 through September 2009", and otherwise deny the allegations in Paragraph 56.

57. No response is required because the allegations in Paragraph 57 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 57, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture, and respectfully refer to the Second Supplemental Indenture and the Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

58. No response is required because the allegations in Paragraph 58 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 58, aver that the Lloyds Liquidity Facility was an unauthorized amendment to the Trust Indenture, and respectfully refer to the Trust Indenture and the Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

59. No response is required because the allegations in Paragraph 59 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit, on

information and belief, that Lloyds received redemption payments in October 2008; deny knowledge or information sufficient to form a belief as to when the Trustee began making redemption payments to Lloyds; and deny the remaining allegations in Paragraph 59. Further, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture. Respectfully refer to the Trust Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

60. No response is required because the allegations in Paragraph 60 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: deny knowledge or information sufficient to form a belief as to whether the Trustee made redemption payments to Lloyds on the dates referenced in Paragraph 60; deny the remaining allegations in Paragraph 60; aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture; and respectfully refer to the Trust Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

61. No response is required because the allegations in Paragraph 61 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit, on information and belief, that the Trustee made redemption payments to Lloyds in October 2008 and January, April, July, October, and November 2009; and deny the remaining allegations in Paragraph 61. Further, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture, and respectfully refer to the Trust Indenture, Second Supplemental

Indenture, and Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

62. No response is required because the allegations in Paragraph 62 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 62, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture, and respectfully refer to the Lloyds Liquidity Facility for a complete statement of its contents.

63. No response is required because the allegations in Paragraph 63 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 63, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

64. No response is required because the allegations in Paragraph 64 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, repeat and reallege the responses set forth in Paragraphs 38 through 63.

65. No response is required because the allegations in Paragraph 65 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit the first sentence of the allegations in Paragraph 65, and deny the second sentence of the allegations in Paragraph 65; aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture; and respectfully refer to the Trust Indenture for a complete statement of its contents.

66. No response is required because the allegations in Paragraph 66 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 66, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

67. No response is required because the allegations in Paragraph 67 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 67, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

68. No response is required because the allegations in Paragraph 68 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, repeat and reallege the responses set forth in Paragraphs 38 through 67.

69. No response is required because the allegations in Paragraph 69 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. No response is required because the allegations in Paragraph 70 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. No response is required because the allegations in Paragraph 71 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: deny

knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 71; deny the remaining allegations in Paragraph 71; and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

72. No response is required because the allegations in Paragraph 72 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 72, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

73. No response is required because the allegations contained in Paragraph 73 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 73, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

74. No response is required because the allegations in Paragraph 74 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 74, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

75. No response is required because the allegations in Paragraph 75 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, repeat and reallege the responses set forth in Paragraphs 38 through 74.

76. No response is required because the allegations in Paragraph 76 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, admit that Lloyds characterizes its counterclaims as "Lloyds' rights to the stake in contest in this interpleader action", but otherwise deny the allegations in Paragraph 76.

77. No response is required because the allegations in Paragraph 77 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit that the Trustee has not made any redemption payments to DEPFA since November 2009; deny knowledge or information sufficient to form a belief as to whether the Trustee has made redemption payments to Lloyds since November 2009; and deny the remainder of the allegations in Paragraph 77.

78. No response is required because the allegations in Paragraph 78 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: deny each and every allegation in Paragraph 78; aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture; and respectfully refer to the Trust Indenture, Second Supplemental Indenture, and Lloyds Liquidity Facility for a complete statement of the contents of each agreement.

79. No response is required because the allegations in Paragraph 79 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny that the allegations in Paragraph 79 fully and accurately describe the letter from DEPFA to ALL and the Trustee, dated April 6, 2010 (the "April 6, 2010 Letter"), and respectfully refer to the April 6, 2010 Letter for a complete statement of its contents.

80.     No response is required because the allegations in Paragraph 80 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit the allegations in Paragraph 80, except deny that DEPFA claimed that ALL breached Section 5.02 of the DEPFA Liquidity; aver that DEPFA claimed that ALL breached Section 5.03 of the DEPFA Liquidity Facility; and respectfully refer to the DEPFA Liquidity Facility for a complete statement of its contents.

81.     No response is required because the allegations in Paragraph 81 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: deny each and every allegation contained in Paragraph 81; and respectfully refer to the Trust Indenture, First Supplemental Indenture, Second Supplemental Indenture, and DEPFA Liquidity Facility for a complete statement of the contents of each agreement.

82.     No response is required because the allegations in Paragraph 82 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, admit that DEPFA received letters from Lloyds dated April 22, 2010 (the "April 22, 2010 Letter") and May 18, 2010 (the "May 18, 2010 Letter"), deny the remaining allegations in Paragraph 82, and respectfully refer to the April 22, 2010 and May 18, 2010 Letters for a complete statement of the contents of each letter.

83.     No response is required because the allegations in Paragraph 83 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit, on information and belief, that Lloyds has received at least $24,050,000.00 in redemption payments; deny the remaining allegations in Paragraph 83; and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

84. No response is required because the allegations in Paragraph 84 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 84, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

85. No response is required because the allegations in Paragraph 85 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit that DEPFA purchased the Series V-A-1 and V-A-2 Bonds that it currently holds from February through June of 2008, deny the remaining allegations; aver that the Trustee must redeem these bonds within ten years of their purchase date; and respectfully refer to the DEPFA Liquidity Facility for a complete statement of its contents.

86. No response is required because the allegations in Paragraph 86 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 86, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture, and respectfully refer to the Lloyds Liquidity Facility for a complete statement of its contents.

87. No response is required because the allegations in Paragraph 87 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 87, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

88. No response is required because the allegations in Paragraph 88 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit that DEPFA and Lloyds are not in a contractual relationship with each other; admit that DEPFA has asserted its rights under its contracts with the Trustee and ALL; deny the remaining allegations in Paragraph 88; and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

89. No response is required because the allegations in Paragraph 89 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 89, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

90. No response is required because the allegations in Paragraph 90 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, admit that there is an actual controversy between DEPFA, Lloyds, and the Trustee, and deny the remaining allegations in Paragraph 90.

91. No response is required because the allegations in Paragraph 91 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed: admit that this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, admit the allegations in the second sentence of Paragraph 91, and deny the remaining allegations in Paragraph 91; and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

92. No response is required because the allegations in Paragraph 92 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 92, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

93. No response is required because the allegations in Paragraph 93 of Lloyds' Amended Pleading are not addressed to DEPFA, but if they are so addressed, deny each and every allegation in Paragraph 93, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

94. Repeat and reallege the responses set forth in Paragraphs 38 through 93.

95. Admit the allegations in Paragraph 95 of Lloyds' Amended Pleading.

96. Admit that there is an actual controversy between DEPFA and Lloyds, deny the remaining allegations in Paragraph 96 of Lloyds' Amended Pleading, and aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

97. Admit that this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, admit the allegations in the second sentence of Paragraph 97, and deny the remaining allegations in Paragraph 97. Further, aver that entering into the Second Supplemental Indenture and the Lloyds Liquidity Facility constituted an unauthorized amendment to the Trust Indenture.

98. Deny that Lloyds is entitled to the relief requested in Paragraph 98 of Lloyds' Amended Pleading, and further respond that the Court should award relief, including a declaratory judgment, in favor of DEPFA as set forth below.

## Prayer for Relief

WHEREFORE, DEPFA respectfully requests the entry of judgment against Lloyds as follows:

(a) dismissing Lloyds's crossclaim with prejudice;

(b) awarding damages equaling all payments that should have been made to DEPFA on the mandatory redemption dates pursuant to the DEPFA Liquidity Facility, limited with respect to ALL to the Pledged Assets, in an amount to be proven at trial, plus interest;

(c) awarding damages, in an amount to be proven at trial, equal to the revenues from the Pledged Assets belonging to DEPFA that were converted by Lloyds, plus interest;

(d) granting declaratory relief that determines the rights and obligations of DEPFA, BONY Mellon, ALL, and Lloyds, specifically including a declaration that (i) ALL is bound by the Court's decision in this action and must direct the Trustee to make all past and future redemption payments from the Pledged Assets to DEPFA required by the DEPFA Liquidity Facility before any mandatory or optional redemption payments are made to Lloyds, and (ii) all amounts payable to DEPFA under the DEPFA Liquidity Facility (other than payments of principal and interest on the Bonds) have become immediately due and payable, limited with respect to ALL to the Pledged Assets, in an amount to be proven at trial; and

(e) granting such other and further relief as the Court deems necessary and proper, limited with respect to ALL to the Pledged Assets.

Dated: New York, New York
       October 29, 2010.

                FRIEDMAN KAPLAN SEILER
                    & ADELMAN LLP

              By: _____
                  Scott M. Berman (sberman@fklaw.com)
                  Eric Seiler (eseiler@fklaw.com)
                  Jeffrey C. Fourmaux (jfourmaux@fklaw.com)

1633 Broadway, 46th Floor
New York, New York 10019
(212) 833-1100

*Attorneys for Defendant, Counterclaimant, Crossclaimant, Crossclaim Defendant, Third-Party Plaintiff, and Third-Party Counterclaim Defendant DEPFA BANK plc*