UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | No. 10 Civ. 4424 (DLC)(AJP) |
| Plaintiff, | **ECF FILED** |
| -against- | |
| DEPFA BANK PLC, et al., | |
| Defendants. | |

**THIRD-PARTY DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO THIRD-PARTY COMPLAINT OF DEPFA BANK PLC, AND CROSSCLAIM AGAINST ACCESS TO LOANS FOR LEARNING STUDENT LOAN CORPORATION**

Third-party defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), by and through its attorneys Satterlee Stephens Burke & Burke LLP, for its Answer to the Third-Party Complaint of DEPFA BANK PLC ("DEPFA"), filed September 27, 2010, responds as follows:

**NATURE OF THE ACTION[1]**

32.    JPMorgan admits that DEPFA purports to assert third-party claims, counterclaims, and cross claims and that DEPFA seeks, among other things, declaratory relief. JPMorgan otherwise denies the truth of the allegations set forth in Paragraph 32.

33.    JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 33.

34.    JPMorgan admits entry into the agreements named in Paragraph 34, i.e., (1) the August 1, 2005 Trust Indenture Between Access to Loans for Learning Student Loan Corporation ("ALL"), DEPFA, and JPMorgan Chase Bank, N.A. (the "Trust Indenture"); (2) the

---

[1]    The numbering of the paragraphs below corresponds with the paragraph numbering in the Third-Party Complaint.

August 1, 2005 First Supplemental Indenture between ALL and JPMorgan Chase Bank, N.A. (the "First Supplemental Indenture"); and (3) the Standby Bond Purchase Agreement By and Among ALL, JPMorgan Chase Bank, N.A., and DEPFA Bank PLC (the "DEPFA Liquidity Facility"), but denies that the paragraph accurately and completely describes those agreements and respectfully refers the Court to the agreements themselves for their complete terms.

35.     JPMorgan denies that Paragraph 35 accurately and completely describes the terms of the DEPFA Liquidity Facility and respectfully refers the Court to this document for its contents.

36.     JPMorgan denies the allegations in Paragraph 36 except that JPMorgan admits that it executed (1) the August 1, 2006 Standby Purchase Agreement By and Among ALL, JPMorgan Chase Bank, N.A., and Lloyds TSB Bank plc (the "Lloyds Liquidity Facility") and (2) the August 1, 2006 Second Supplemental Indenture between ALL and JPMorgan Chase Bank, N.A. (the "Second Supplemental Indenture").  JPMorgan respectfully refers the Court to these documents for their contents.

37.     JPMorgan denies that Paragraph 37 accurately and completely states the terms of the DEPFA Liquidity Facility and the Lloyds Liquidity Facility and respectfully refers the Court to these documents for their contents.

38.     JPMorgan denies the allegations in Paragraph 38.

39.     JPMorgan admits the allegations in Paragraph 39.

40.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 40.

41.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 41.

42.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 42.

43.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 43.

44.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 44.

45.     JPMorgan denies the allegations set forth in Paragraph 45.

46.     JPMorgan denies knowledge or information sufficient to form an opinion as to what DEPFA seeks in this action, and otherwise denies the allegations in Paragraph 46.

## THE PARTIES

47.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 47.

48.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 48.

49.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 49.

50.     JPMorgan admits the allegations contained in Paragraph 50.

51.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in the first sentence of Paragraph 51.  JPMorgan admits the allegations in the second sentence and otherwise denies the allegations contained in Paragraph 51.

52.     Paragraph 52 does not contain any allegation for which a response is required.

## JURISDICTION AND VENUE

53.    Except as to the allegation of JPMorgan's citizenship, which is admitted, JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations in Paragraph 53.

54.    JPMorgan admits that it contracts to provide, and derives substantial revenue from, services in New York and that it is subject to personal jurisdiction of this Court, but denies knowledge or information sufficient to form an opinion with respect to the remaining allegations in Paragraph 54.

55.    JPMorgan states that Paragraph 55 purports to set forth certain terms of the DEPFA Liquidity Facility and respectfully refers the Court to the document for its contents.

56.    JPMorgan admits that venue is proper in this district, but denies knowledge or information sufficient to form an opinion with respect to the remaining allegations in Paragraph 56.

## FACTUAL BACKGROUND

57.    JPMorgan admits that it entered into the Trust Indenture, denies that Paragraph 57 accurately and completely describes the terms of the Trust Indenture and respectfully refers the Court to that document for its contents, and denies knowledge or information sufficient to form an opinion with respect to the remaining allegations.

58.    JPMorgan admits that it signed and executed the DEPFA Liquidity Facility but denies that Paragraph 58 accurately and completely describes its terms and respectfully refers the Court to that document for its contents.

59.     JPMorgan denies that Paragraph 59 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

60.     JPMorgan denies that Paragraph 60 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

61.     JPMorgan admits the allegations of Paragraph 61.

62.     JPMorgan denies the allegations of Paragraph 62.

63.     JPMorgan denies that Paragraph 63 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

64.     JPMorgan denies that Paragraph 64 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

65.     JPMorgan denies that Paragraph 65 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

66.     To the extent that Paragraph 66 purports to describe the terms of various agreements, JPMorgan denies that it accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content. JPMorgan denies knowledge or information sufficient to form an opinion as to the remaining allegations in Paragraph 66.

67.     JPMorgan denies the allegations in Paragraph 67.

68.     JPMorgan denies the allegations in Paragraph 68.

69.     JPMorgan denies the allegations in Paragraph 69.

70.     JPMorgan denies the allegations in Paragraph 70.

71.     JPMorgan admits that it executed the Second Supplemental Indenture and the Lloyds Liquidity Facility, but denies the remaining allegations in Paragraph 71.

72.     JPMorgan denies the allegations in Paragraph 72.

73.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 73.

74.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 74.

75.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 75.

76.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 76.

77.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 77.

78.     JPMorgan denies the allegations set forth in Paragraph 78.

79.     JPMorgan denies the allegations in Paragraph 79.

80.     JPMorgan denies the allegations in Paragraph 80.

81.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 81.

82.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 82.

83.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 83.

84.     JPMorgan denies the allegations in Paragraph 84.

85.     JPMorgan denies that Paragraph 85 accurately and completely describes the terms of the pertinent agreements and respectfully refers the Court to those agreements for their content.

86.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 86.

87.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 87.

88.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 88.

89.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 89.

90.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 90.

91.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 91.

92.     JPMorgan denies the allegations in the last sentence of Paragraph 92, and denies knowledge or information sufficient to form an opinion with respect to the remaining allegations.

93.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 93.

94.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 94.

95.     JPMorgan denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in Paragraph 95.

96.     JPMorgan denies that Paragraph 96 accurately and completely states the terms of the pertinent agreements and refers the Court to those agreements for their content, and denies knowledge or information sufficient to form an opinion with respect to the remaining allegations.

[Paragraphs 97-133 of the Complaint consist of allegations and claims for relief against parties other than JPMorgan and thus no response is required; however, to the extent that any allegation or claims in such paragraphs may be deemed to be directed to JPMorgan, JPMorgan denies such allegation.]

## SIXTH CLAIM FOR RELIEF

### Breach of Contract – Against Third-Party Defendant JPMorgan
### (Failure to Obtain Prior Written Consent to Amend the Trust Indenture)

134.     JPMorgan repeats and realleges its responses to Paragraphs 32 through 96 of the Third-Party Complaint as though fully set forth herein.

135.     JPMorgan denies the allegations contained in Paragraph 135.

136.     JPMorgan denies the allegations contained in Paragraph 136.

137.     JPMorgan denies the allegations contained in Paragraph 137.

[The remaining allegations in the Third-Party Complaint consist of allegations and claims for relief against parties other than JPMorgan and thus no response is required; however, to the extent that any allegation or claims in such paragraphs may be deemed to be directed to JPMorgan, JPMorgan denies such allegation.]

## DEFENSES

JPMorgan, without assuming the burden of proof on those matters for which DEPFA bears such burden, alleges for its defenses in this action as follows:

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against JPMorgan upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

All acts alleged in the Third-Party Complaint as a basis for liability against JPMorgan were undertaken in good faith and in accordance with the opinion of counsel, and JPMorgan is thus protected from liability for such acts by, *inter alia*, Section 10.2(d) of the Trust Indenture.

### THIRD AFFIRMATIVE DEFENSE

DEPFA's claim against JPMorgan is barred by the Trust Indenture, the First Supplemental Indenture, and/or the DEPFA Liquidity Facility.

### FOURTH AFFIRMATIVE DEFENSE

DEPFA's claim against JPMorgan is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by DEPFA were caused solely and wholly by reason of the conduct of some third person or persons not under the control of JPMorgan

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff suffered no actual damage, financial or otherwise, as a result of the acts complained of.

### SEVENTH AFFIRMATIVE DEFENSE

The damages sought by DEPFA are speculative and therefore not recoverable.

1048020_4

## EIGHTH AFFIRMATIVE DEFENSE

DEPFA's claim against JPMorgan is barred in whole or in part by the doctrine of waiver and/or estoppel.

## CROSSCLAIM AGAINST THIRD-PARTY DEFENDANT
## ACCESS TO LOANS FOR LEARNING STUDENT LOAN CORPORATION

JPMorgan, for its crossclaim against Third-Party Defendant Access to Loans for Learning Student Loan Corporation ("ALL"), alleges as follows:

### FIRST CLAIM FOR RELIEF
### (Indemnification)

1.      The claims alleged against JPMorgan in this case arise out of or in connection with the acceptance or administration of the office of Trustee under the Trust Indenture and the exercise or performance of JPMorgan's powers or duties thereunder.

2.      JPMorgan at all times performed its duties as Trustee with reasonable care and in good faith.

3.      ALL is obligated under Section 10.5(c) of the Trust Indenture to indemnify and hold JPMorgan harmless for all loss, liability or expense incurred by JPMorgan in this action, including the cost of defending against the allegations brought against it in this action.

**WHEREFORE**, JPMorgan respectfully requests judgment against ALL as follows:

A.  Indemnification of JPMorgan for all expenses incurred in the defense of this
    action, including attorneys' fees;

B.  Indemnification of JPMorgan to the full extent of any judgment of liability

that may be imposed against JPMorgan in this action;

C.  Prejudgment interest;

D.  Costs; and

E.  Such other and further relief as the Court deems just and equitable.

Dated:    December 10, 2010
          New York, NY

                              SATTERLEE STEPHENS BURKE & BURKE LLP

                              By:  __/s/ Glenn C. Edwards_____
                                     James J. Coster
                                     Glenn C. Edwards
                                     James Doty
                                  230 Park Avenue
                                  New York, NY 10169
                                  (212) 818-9200
                                  *Attorneys for JPMorgan Chase Bank, N.A*

11