UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A.,

                Plaintiff-Counterclaim Defendant,

    -against-

DEPFA BANK PLC and LLOYDS TSB BANK PLC,

                Defendants-Counterclaimants.

DEPFA BANK PLC,

                Third-Party Plaintiff,

    -against-

ACCESS TO LOANS FOR LEARNING
STUDENT LOAN CORPORATION and
JPMORGAN CHASE BANK, N.A.,

                Third-Party Defendants.

LLOYDS TSB BANK PLC,

                Third-Party Plaintiffs,

    -against-

ACCESS TO LOANS FOR LEARNING
STUDENT LOAN CORPORATION.

                Third-Party Defendant.

Case No.:  10-CV-4424 (JPO) (AJP)

# JOINT PRE-TRIAL ORDER

## I.   NAMES, LAW FIRMS, ADDRESSES, AND TELEPHONE AND FAX NUMBERS OF TRIAL COUNSEL.

| | |
|---|---|
| Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") | Judith A. Archer, Esq. Fulbright & Jaworski, LLP 666 Fifth Avenue New York, NY 10103 Tel.:  212.318.3000 Fax:  212.318.3400 |
| DEPFA BANK plc ("Depfa") | Scott M. Berman, Esq. Friedman Kaplan Seiler & Adelman LLP 7 Times Square New York, N. Y. 10036-6516 Tel.: 212.833.1120 Fax: 212.373.7920 |
| Lloyds TSB Bank plc ("Lloyds") | David L. Barres, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. 666 Third Avenue New York, NY 10017 Tel.:  212.935.3000 Fax:  212.983.3115 |
| Access to Loans for Learning Student Loan Corporation ("ALL") | Dean C. Waldt, Esq. Ballard Spahr LLP 1 East Washington Street Suite 2300 Phoenix, AZ  85004-2555 Tel.: 602.798.5480 Fax: 602.798.5595 |
| JPMorgan Chase Bank, N.A. ("JPM Chase") | James J. Coster, Esq. Satterlee Stephens Burke & Burke LLP 230 Park Avenue, Suite 1130 New York, New York 10169 Tel.:  (212) 404-8700 Fax:  (212) 818-9606 |

## II.   BASIS FOR SUBJECT MATTER JURISDICTION

A.   **Interpleader Plaintiff's Statement.**   Diversity jurisdiction exists in this case. The amount in controversy exceeds $75,000.  Interpleader Plaintiff BNY Mellon is a national bank with its principal place of business in Los Angeles, California.  Defendant Depfa is a public liability company organized and existing under the laws of the Republic of Ireland, with its principal place of business in Dublin, Ireland.  Defendant Lloyds is a public liability company

organized and existing under the laws of England. BNY Mellon is informed and believes that Lloyds' principal place of business is located in London, England. Because Plaintiff is a citizen of a State, and both Defendants are citizens of foreign states, diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(2).

   **B.     Depfa's Statement.**   (1) Diversity jurisdiction under 28 U.S.C. § 1332(a)(2) exists over Interpleader Plaintiff BNY Mellon's claims against Depfa, and over Depfa's counterclaims against BNY Mellon, for the reasons stated by BNY Mellon above. (2) Supplemental jurisdiction under 28 U.S.C. § 1367(a) exists over Depfa's crossclaims against Lloyds because they are so related to claims in the action as to which diversity jurisdiction exists that they form part of the same case or controversy under Article III of the United States Constitution, and none of the grounds for declining supplemental jurisdiction set forth in 28 U.S.C. § 1367(b) or (c) apply. (3) Diversity jurisdiction under 28 U.S.C. 1332(a)(2) exists over Depfa's third-party claims against ALL and JPM Chase, because the amount in controversy exceeds $75,000 and the claims are between a citizen of a foreign state (Depfa) and citizens of States (ALL and JPM Chase). Depfa is a public limited company organized under Irish law with its principal place of business in Dublin, Ireland; ALL is a corporation organized under California law with its principal place of business in Los Angeles, California; and JPM Chase is a national bank with its main office in Columbus, Ohio.

   **C.     Lloyds' Statement.**   The Court has jurisdiction over BNY Mellon's claims against Lloyds, and Lloyds' counterclaims against BNY Mellon, under 28 U.S.C. § 1332(a) based on the diversity of the parties (described by BNY Mellon above) and the amount in controversy being over $75,000. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Lloyds' crossclaim against Depfa and third-party claims against ALL because they

are related to the claims in this action over which the Court has diversity jurisdiction, and they form part of the same case or controversy.

**D.     JPM Chase's Statement.**  JPM Chase concurs with the jurisdictional statements of BNY Mellon, Depfa, and Lloyds.  This Court has jurisdiction over JPM Chase's crossclaim against ALL for indemnification because (1) it is a proper cross-claim under Fed R. Civ. P. 13(g) and (2) jurisdiction is proper under 28 U.S.C. § 1332(a) based on the diversity of the parties (JPM Chase is a citizen of Ohio, ALL of California) and the amount in controversy exceeds $75,000.

**E.     ALL's Statement.**  ALL is a California nonprofit public benefit corporation.  As set forth in the jurisdictional statement of BNY Mellon, ALL agrees that the court possesses jurisdiction over the declaratory relief requested by BNY Mellon pursuant to 28 U.S.C § 1332(a), since the parties are diverse, and the amount in controversy, the trust assets, exceed the statutory minimum of $75,000.  Like BNY Mellon, ALL has asserted affirmative claims seeking a declaratory judgment against Depfa and Lloyds.  ALL submits that the court possesses jurisdiction over these claims for the same reasons that it possesses jurisdiction over BNY Mellon's claims, namely diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

In addition, while ALL vigorously disputes the claims alleged against ALL by Depfa, Lloyds and JPM Chase, ALL agrees that the court possesses jurisdiction over these claims pursuant to 28 U.S.C § 1332(a), and alternatively pursuant to 28 U.S.C. § 1367(a).  As set forth in the jurisdictional statements of Depfa, Lloyds and JPM Chase, the parties are diverse and the amount in controversy, the trust assets, exceed the statutory minimum of $75,000.  Alternatively, were the court to find diversity jurisdiction lacking, the court also possesses supplemental jurisdiction over the claims asserted by Depfa, Lloyds and JPM Chase pursuant to 28 U.S.C.

§ 1367(a), since the claims form a part of the same case or controversy as the declaratory claims pled by BNY Mellon and ALL.

Accordingly, ALL submits that the court possesses jurisdiction over all claims pled in this action.

## III.  CLAIMS AND DEFENSES REMAINING TO BE TRIED

### A.  BNY Mellon

BNY Mellon commenced this case as an interpleader action.  It alleged two causes of action, namely interpleader and declaratory judgment.  BNY Mellon sought to interplead funds then available in Trust Accounts.  The declaratory judgment claim seeks an adjudication of the extent to which Lloyds is entitled to receive the funds currently in the Payment Account and the funds subsequently deposited into the Payment Account for the redemption of Bonds in accordance with the terms of the Lloyds Liquidity Facility or the extent to which Depfa is entitled to receive all funds currently in the Payment Account and subsequently deposited into the Payment Account for the redemption of Bonds until its Bonds are paid in full.  That declaratory judgment claim remains to be tried.  BNY Mellon also seeks a judgment of the Court releasing it from this action after payment of funds to be interplead into the Court.

By way of defenses, BNY Mellon asserts that Depfa and Lloyds' alleged damages were not caused by BNY Mellon but were caused, in whole or part, by the conduct of parties other than BNY Mellon.  Such damages, if any, are barred by the express terms of the Indenture, First and Second Supplemental Indentures, and the terms of the Depfa and Lloyds SBPAs.  BNY Mellon also asserts that Depfa and Lloyds' alleged damages are barred by the failure to mitigate.  Both banks' alleged damages are barred by waiver and laches in that neither raised the timing of the redemption of the bonds in a timely basis.

**B.      Depfa**

Depfa is pursuing four claims against ALL:  **(1)** Breach of contract (namely, the Depfa Liquidity Facility), based on ALL's failure to obtain Depfa's prior written consent to the amendment of the Indenture caused by the Second Supplemental Indenture and Lloyds Liquidity Facility (the First Claim for Relief in Depfa's Amended Answer, Counterclaims, Crossclaims, and Third Party Complaint).  This breach constitutes an Event of Default under the Depfa Liquidity Facility, entitling Depfa to immediate payment of all amounts due under the Depfa Liquidity Facility, other than principal and interest.  Depfa seeks a declaratory judgment declaring an Event of Default, as well as damages in the amount of all accelerated amounts due and unpaid other than principal and interest.  **(2)** Breach of contract (namely, the Depfa Liquidity Facility) based on ALL's failure to make mandatory redemption payments to Depfa, despite having sufficient funds to do so (Depfa's Second Claim for Relief).  This breach constitutes an Event of Default under the Depfa Liquidity Facility, entitling Depfa to immediate payment of all amounts due under the Depfa Liquidity Facility, other than principal and interest.  Depfa seeks a declaratory judgment declaring an Event of Default and damages in the amount of all accelerated amounts due and unpaid other than principal and interest.  **(3)** Breach of contract based on ALL's failure, in violation of Section 5.01(f) of the Depfa Liquidity Facility, to provide an accounting requested by Depfa (Depfa's Third Claim for Relief).  This breach constitutes an Event of Default under the Depfa Liquidity Facility, entitling Depfa to immediate payment of all amounts due under the Depfa Liquidity Facility, other than principal and interest.  Depfa seeks a declaratory judgment declaring an Event of Default and damages in the amount of all accelerated amounts due and unpaid other than principal and interest.  **(4)** Indemnification by ALL of Defpa's attorneys' fees, expenses, and costs in this action, pursuant to the provisions of the Depfa Liquidity Facility (Depfa's Fifth Claim for Relief).

Depfa is pursuing a claim against JPM Chase for breach of contract (namely, the First Supplemental Indenture), seeking damages, based upon JPM Chase's failure to obtain Depfa's prior written consent to the amendment of the Indenture caused by the Second Supplemental Indenture and Lloyds Liquidity Facility (Depfa's Sixth Claim for Relief).  In addition, because of JPM Chase's negligence in connection with this breach, JPM Chase's third-party crossclaim against ALL for indemnification pursuant to the Indenture should be dismissed with prejudice.

Depfa is pursuing two claims against BNY Mellon:  **(1)** Breach of fiduciary duty, seeking damages, based the fiduciary relationship between BNY Mellon as trustee and Depfa as bond owner and BNY Mellon's breach of that fiduciary duty by using trust assets to make improper redemption payments to Lloyds pursuant to the unauthorized Second Supplemental Indenture and Lloyds Liquidity Facility (Depfa's Eighth Claim for Relief).  **(2)** Breach of contract (namely, the Indenture and First Supplemental Indenture), seeking damages, based on BNY Mellon's failure to make mandatory redemption payments to Depfa and its making improper redemption payments to Lloyds in violation of the terms of Indenture and First Supplemental Indenture (Depfa's Seventh Claim for Relief).

Depfa is also pursuing a declaratory judgment claim against ALL, BNY Mellon, and Lloyds, seeking a declaration of the parties' rights and obligations with respect to redemption payments (Depfa's Eleventh Claim for Relief), as detailed in Section X.B below.

Depfa will not be pursuing its previously asserted claim against ALL for failure to provide notice of a material adverse development (Depfa's Fourth Claim for Relief), in order to simplify matters for trial.

Depfa will also not be pursuing its previously asserted claims against Lloyds for conversion (Depfa's Ninth Claim for Relief) and for tortious interference with contract (Depfa's Tenth Claim for Relief) in order to simplify matters for trial.

### C.    Lloyds

#### Summary of Claims Asserted by Lloyds

Lloyds claims breach of contract against BNY and ALL for failing to redeem Lloyds' bonds as required by the quarterly schedule in Section 3.02 of the Lloyds SBPA through November 5, 2009.  Lloyds has been underpaid, in part, because ALL and BNY overpaid ALL's administrative fees and failed to timely suspend loan recycling.  Lloyds claims breach of fiduciary duty against BNY for the same.

Lloyds seeks a declaratory judgment against all parties under 28 U.S.C. § 2201(a), declaring that the Lloyds SBPA is a valid contract, and that Lloyds is entitled to payment of all principal and interest owed to date on its bonds in accordance with the schedule in Section 3.02 of the Lloyds SBPA.

Lloyds seeks indemnity from ALL under Section 8.05(a)-(b) of the Lloyds SBPA for all costs and expenses, including attorneys' fees, incurred by Lloyds in this action to enforce and defend its rights in the Series V transaction.

Lloyds drops its claims against BNY and ALL for an accounting.

#### Summary of Lloyds' Defenses to BNY's Claims

The proposed interpled stake is insufficient.  In addition to redemptions from the Payment Account, BNY should have suspended interest payments which, without reduction in principal owed, have caused the trust to deteriorate.  Lloyds has suffered the resulting harm

disproportionately because it has a much lower interest rate than Depfa. All payments of principal and interest should be suspended until the Court determines the parties' rights.

There should be no discharge of BNY upon payment of the stake into the Court because BNY committed breaches of contract and fiduciary duty by executing facially defective payment instructions from ALL, causing harm to Lloyds. Because of this misconduct, BNY has unclean hands and has waived, or is estopped from asserting, any right to discharge or to attorneys' fees and expenses. Also, BNY should not receive attorneys' fees because it incurs such fees in the normal course of its business as trustee.

Lloyds drops its defenses against BNY for (1) failure to state a claim on which relief can be granted; (2) laches; and (3) failure to name ALL as a party.

### Summary of Lloyds' Defenses to Depfa's Claims

Depfa's claims for breach of contract and declaratory judgment are barred because they seek a priority or equality of redemption payments that would violate the terms of the Indenture, Depfa SBPA, and Lloyds SBPA, would unjustly enrich Depfa, and would cause ALL and BNY to violate their contractual and fiduciary obligations to Lloyds.

Also, Depfa's claims are barred by waiver, estoppel, acquiescence, and/or laches because it delayed asserting its alleged rights until approximately three years after it learned of the 2006 transaction.

Even if Depfa somehow could prove a breach, it cannot prove damages because the Lloyds transaction benefitted Depfa by increasing the collateral that secures Depfa's bonds. Any injury to Depfa would be the result of acts and negligence of ALL and BNY's failure to redeem bonds properly, rather than of Lloyds' conduct.

Because Depfa has dropped its crossclaims against Lloyds for conversion and tortious interference with contract, Lloyds drops its defenses that apply only to those crossclaims: (1) failure to state a claim on which relief can be granted; (2) economic justification; (3) election of contractual remedies; and (4) statute of limitations.

### D.     ALL

BNY Mellon initiated this action seeking a declaratory judgment as to the amounts to be paid to Depfa and Lloyds from the trust assets.  ALL filed claims joining in this request, and the declaratory judgment claims remain to be tried.

Depfa initiated this dispute after Depfa and Lloyds were required to repurchase their respective bonds pursuant to their respective Standby Bond Purchase Agreements, and after learning that Ambac would be unable to fulfill its obligations to Depfa and Lloyds as a result of its insolvency.  Depfa asserted a series of breach of contract theories against ALL, despite the fact that Depfa cannot identify a contractual provision that ALL breached.  Specifically, Depfa asserted six claims against ALL for: Breach of Contract (Failure to Obtain Prior Written Consent to Amend the Trust Indenture) (Count I), Breach of Contract (Failure to Make Mandatory Redemption Payments) (Count II), Breach of Contract (Failure To Provide an Accounting) (Count III), Breach of Contract (Failure to Give Notice of Material Adverse Development) (Count IV), Indemnification (Count V) and Declaratory Judgment (Count XI).[1]  Depfa, however cannot establish its claims against ALL, since Depfa cannot identify any contract provision that ALL breached.  Since ALL fulfilled its contractual obligations to Depfa (and to Lloyds), the court should enter judgment in favor of ALL on the claims asserted against it by Depfa.

---

[1]     In connection with the parties exchange of information for submission of this Joint Pre-Trial Order, ALL understands that Depfa will not pursue Count III (Failure to Provide an Accounting) and Count IV (Failure to Give Notice of Material Adverse Development).  ALL reserves all rights with respect to these claims in the event that these claims remain.

Like Depfa, Lloyds also pled contract claims against ALL.  Specifically, Lloyds pled five claims against ALL asserting: Breach of Contract for Failure to Make Mandatory Redemption Payments (Count I), Breach of Contract for Failure to Provide an Accounting (Count II), Declaratory Judgment (Count III), Attorneys' Fees, Expenses and Costs (Count IV) and Indemnity (Count V).  Two of Lloyds' claims against ALL seek indemnification and fees (Counts IV and V) as a result of Lloyds having to defend the claims asserted by Depfa.  Thus, these claims are dependent upon a finding that Lloyds is liable to Depfa.  Lloyds' agrees with ALL that Depfa's claims are meritless.  Accordingly, a finding that Lloyds is not liable to Depfa, eliminates these claims.  Alternatively, should the Court find Lloyds liable to Depfa, Lloyds' claims against ALL for indemnification and fees would still fail, since these claims fall outside the scope of the relevant contractual provisions.  With respect to Lloyds remaining contract claims, these also fail, since ALL fulfilled its contractual obligations to Lloyds, and accordingly, Lloyds cannot establish its breach of contract claims.

Lastly, JPM Chase asserts a claim against ALL for indemnification for having to defend against the claims asserted by Depfa and Lloyds.  Since the claims asserted by Depfa and Lloyds against ALL are unavailing, ALL is not liable for indemnification to JPM Chase.  In the alternative, ALL is not liable for indemnification to JPM Chase since the indemnification agreement does not apply to the claims at issue.

Each of these claims remains to be tried, and based upon ALL's fulfillment of its contractual obligations, ALL requests the court enter a judgment in its favor dismissing the claims asserted by Depfa, Lloyds and JPM Chase against ALL.

### E.      JPM Chase

The sole claim asserted in this action against JPM Chase is Depfa's third-party claim for breach of contract.  All of JPM Chase's defenses to this claim remain to be tried, chiefly (without limiting its other defenses) the defense of advice of counsel.  JPM Chase's crossclaim against ALL for indemnification pursuant to the express indemnification clause in the Indenture also remains to be tried.

## IV.      NUMBER OF TRIAL DAYS NEEDED

The parties estimate that eight to ten days will be needed for trial.  The case is to be tried without a jury.

## V.       CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a Magistrate Judge.

## VI.      STIPULATED STATEMENTS OF FACT OR LAW[2]

The following facts are undisputed by all parties.  The parties do not agree on the relevance or materiality of all of these facts.

1.      On or about August 1, 2005, Access to Loans for Learning Student Loan Corporation ("ALL") and JPMorgan Chase Bank, N.A. ("JPM Chase") entered into a trust indenture entitled *Trust Indenture between Access to Loans for Learning Student Loan Corporation and JPMorgan Chase Bank, National Association, as Trustee, Securing Student Loan Program Revenue Bonds (Series V), Dated as of August 1, 2005* (the "Indenture").  A true copy of the Indenture is marked Trial Exhibit No. 1 (Chapman Deposition Exhibit No. 4).

---

[2]      The stipulated statements of fact  or law contained herein also constitute the proposed findings of fact jointly submitted by the parties as set forth in Rule 6.B.ii of Judge Oetken's Individual Practices.

2.      On or about August 1, 2005, ALL and JPM Chase entered into an agreement entitled *First Supplemental Indenture between Access to Loans for Learning Student Loan Corporation and JPMorgan Chase Bank, National Association, as Trustee, dated as of August 1, 2005, relating to Student Loan Program Revenue Bonds, Senior Series V-A-1, Senior Series V-A-2* (the "First Supplemental Indenture").   A true copy of the First Supplemental Indenture is marked Trial Exhibit No. 2 (Chapman Deposition Exhibit No. 5).

3.      On or about August 1, 2005, ALL, JPM Chase and DEPFA Bank plc ("Depfa") entered into a standby bond purchase agreement entitled *Standby Bond Purchase Agreement By and Among Access to Loans for Learning Student Loan Corporation, JPMorgan Chase Bank, National Association, as Trustee and Tender Agent, and DEPFA BANK plc, Acting Through Its New York Branch, $190,000,000 Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds Senior Series V-A-1 and Senior Series V-A-2* (the "DEPFA Liquidity Facility").   A true copy of the Depfa Liquidity Facility is marked Trial Exhibit No. 4 (Chapman Deposition Exhibit No. 7).

4.      On or about August 1, 2005, ALL, Ambac Assurance Corporation ("Ambac") and JPM Chase entered into an agreement entitled *Certificate and Agreement*.   A true copy of that Certificate and Agreement is marked Trial Exhibit No. 6 (Davis Deposition Exhibit No. 4).

5.      On or about August 1, 2006, ALL and JPM Chase entered into an agreement entitled Second Supplemental Indenture between *Access to Loans for Learning Student Loan Corporation and JPMorgan Chase Bank, National Association, as Trustee, Dated as of August 1, 2006, Relating to Student Loan Program Revenue Bonds, Senior Series V-A-3, Senior Series V-A-4, and Senior Series V-A-5 and Amending the Trust Indenture* (the "Second Supplemental

Indenture").  A true copy of the Second Supplemental Indenture is marked Trial Exhibit No. 3 (Chapman Deposition Exhibit No. 6).

6.     On or about August 1, 2006, ALL, JPM Chase and Lloyds TSB Bank plc ("Lloyds") entered into a standby bond purchase agreement entitled *Standby Bond Purchase Agreement By and Among Access to Loans for Learning Student Loan Corporation, JPMorgan Chase Bank, National Association, as Trustee and Tender Agent, and Lloyds TSB Bank plc, Acting By and Through Its New York Branch, $190,000,000 Access to Loans for Learning Student Loan Corporation, Student Loan Program Revenue Bonds, Senior Series V-A-3, Senior Series V-A-4, and Senior Series V-A-5* (the "Lloyds Liquidity Facility").  A true copy of the Lloyds Liquidity Facility is marked Trial Exhibit No. 5 (Chapman Deposition Exhibit No. 8).

7.     On or about August 2, 2006, ALL, Ambac and JPM Chase entered into an agreement entitled *Certificate and Agreement*.  A true copy of that Certificate and Agreement is marked Trial Exhibit No. 7 (Davis Deposition Exhibit No. 5).

8.     Pursuant to the Indenture and supplements thereto, ALL issued five series of bonds: Senior Series V-A-1, V-A-2, V-A-3, V-A-4, and V-A-5 (the "Bonds").

9.     All of the Bonds were insured by Ambac.  True copies of the Ambac policies on the Bonds are marked as Trial Exhibits 34 and 69.

10.    ALL issued the Senior Series V-A-1 and V-A-2 Bonds in a total principal amount of $190 million on or about August 3, 2005 (the "2005 Issuance").  A true copy of the Specimen Bonds for the Senior Series V-A-1 and V-A-2 Bonds is marked as Trial Exhibit 36, which is a complete copy of the document marked Trial Exhibit 37 (Chapman Deposition Exhibit 14).

11.    In connection with the 2005 Issuance, Elaine Bayus of Orrick, Herrington & Sutcliffe LLP ("Orrick") served as bond counsel.

12.     In connection with the 2005 Issuance, Depfa was represented by Elizabeth Davis of Kutak Rock LLP ("Kutak Rock").

13.     Depfa and Lloyds, among others, bid to be the liquidity provider for the Senior Series V-A-1 and V-A-2 Bonds.

14.     ALL selected Depfa to be the liquidity provider for the Senior Series V-A-1 and V-A-2 Bonds.

15.     ALL issued the Senior Series V-A-3, V-A-4, and V-A-5 Bonds in a total principal amount of $190 million on or about August 2, 2006 (the "2006 Issuance").  A true copy of the Specimen Bonds for the Series V-A-3, V-A-4, and V-A-5 Bonds is marked as Trial Exhibit No. 57 (Chapman Deposition Exhibit 13).

16.     In connection with the 2006 Issuance, Elaine Bayus of Orrick served as bond counsel.

17.     In connection with the 2006 Issuance, Lloyds was represented by Elizabeth Davis of Kutak Rock.

18.     Depfa and Lloyds, among others, bid to be the liquidity provider for the Senior Series V-A-3, V-A-4, and V-A-5 Bonds.

19.     ALL selected Lloyds to be the liquidity provider for the Senior Series V-A-3, V-A-4, and V-A-5 Bonds.

20.     On or about October 1, 2006, The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") succeeded JPM Chase as trustee under the Indenture.

21.     Beginning with Fitch in January 2008, all three rating agencies, Fitch, Moody's and S & P downgraded Ambac's credit rating in the first half of 2008.

22.     Depfa and Lloyds were called upon under their respective Liquidity Facilities to purchase all of the bonds in their respective series between February and June 2008.

23.     The Series V-A-1 and V-A-2 Bonds were purchased by Depfa on the dates and amounts set forth in the following table:

| Purchase Date | Series | Purchase Amount |
|---------------|--------|-----------------|
| 2/11/08 | V-A-1 | $99,265,000 |
| 2/13/08 | V-A-1 | $100,000 |
| 2/19/08 | V-A-1 | $100,000 |
| 2/26/08 | V-A-2 | $90,000,000 |
| 2/27/08 | V-A-1 | $100,000 |
| 2/29/09 | V-A-1 | $135,000 |
| 3/11/08 | V-A-1 | $100,000 |
| 3/25/08 | V-A-1 | $100,000 |
| 6/05/08 | V-A-1 | $100,000 |

24.     The Series V-A-3, V-A-4 and V-A-5 Bonds were purchased by Lloyds on the dates and in the amounts set forth in the following table:

| Purchase Date | Series | Purchase Amount |
|---|---|---|
| 2/11/08 | V-A-5 | $42,410,000 |
| 2/13/08 | V-A-5 | $4,065,000 |
| 2/14/08 | V-A-5 | $600,000 |
| 2/19/08 | V-A-5 | $500,000 |
| 2/26/08 | V-A-3 | $80,000,000 |
| 2/27/08 | V-A-5 | $2,425,000 |
| 2/29/08 | V-A-5 | $3,900,000 |
| | V-A-4 | $30,000,000 |
| 3/12/08 | V-A-5 | $200,000 |
| 3/17/08 | V-A-5 | $500,000 |
| 5/22/08 | V-A-5 | $100,000 |
| 6/16/08 | V-A-5 | $300,000 |
| 6/19/08 | V-A-4 | $25,000,000 |

25.     BNY Mellon, at ALL's direction, made redemption payments on the Bonds on the dates and in the amounts set forth in the following table:

| Redemption Date | Series V-A-1 Depfa | Series V-A-2 Depfa | Series V-A-3 Lloyds | Series V-A-4 Lloyds | Series V-A-5 Lloyds |
|---|---|---|---|---|---|
| 10/27/08 | | | $5,300,000 | $3,600,000 | $3,600,000 |
| 11/12/08 | $3,300,000 | $2,900,000 | | | |
| 1/6/09 | $1,700,000 | $1,500,000 | $1,300,000 | $900,000 | $900,000 |
| 4/10/09 | | | $500,000 | $300,000 | $300,000 |
| 4/22/09 | $300,000 | $300,000 | | | |
| 7/1/09 | $1,300,000 | $1,200,000 | $2,100,000 | $1,400,000 | $1,400,000 |
| 10/5/09 | $600,000 | $400,000 | $400,000 | $300,000 | $300,000 |
| 11/5/09 | $870,000 | $580,000 | $580,000 | $435,000 | $435,000 |

26.     Redemption payments out of the Series V trust were suspended in late November or early December 2009.  The total redemption payments paid to date are $14,950,000 to Depfa, and $24,050,000 to Lloyds.

27.     BNY Mellon paid interest on the Bonds each time they were redeemed, and on each of the semi-annual interest payment dates falling on or about July 1, 2008, and on or about

January 1 and on or about July 1 of 2009, 2010, and 2011.  The total interest paid to date is $32,027,100 to Depfa, and $17,575,470 to Lloyds.

28.      On or about March 24, 2010, the Commissioner of Insurance of the State of Wisconsin filed a verified petition for order of rehabilitation of a segregated account of Ambac in the Circuit Court of Wisconsin, Dane County (the "Wisconsin Court").  Ambac's policies insuring the payment of principal and interest on the Senior Series V-A-1, V-A-2, V-A-3, V-A-4 and V-A-5 Bonds were among the policies included in the Segregated Account.  A true copy of the verified petition (without its exhibits) is marked as Trial Exhibit 150.

29.      On or about March 24, 2010, the Wisconsin Court entered an Order for Temporary Injunctive Relief.  A true copy of the order is marked as Trial Exhibit 151.

30.      BNY Mellon filed the instant interpleader action on June 3, 2010.

31.      On or about August 27, 2010, the Wisconsin Court approved a stipulation concerning the parties in this action.  A true copy of the stipulation is marked as Trial Exhibit 173.

32.      Depfa is the current owner of all outstanding Senior Series V-A-1 and V-A-2 Bonds.

33.      Lloyds is the current owner of all outstanding Senior Series V-A-3, V-A-4 and V-A-5 Bonds.

34.      Declaratory relief is appropriate under 28 U.S.C. § 2201(a) because there is an immediate and substantial controversy concerning how and when payments should be made out of the Series V trust to Depfa and Lloyds.

## VII.    LIST OF TRIAL WITNESSES

| Witness | Summary of Testimony |
| --- | --- |
| Jeffrey L. Baliban (in person) | BNY Mellon will offer Mr. Baliban as a rebuttal expert to Mr. Blumenthal and Mr. Friedland.  His opinions concern errors in the assumptions underlying the opinions of Mr. Blumenthal and Mr. Friedland.  Mr. Baliban is not offering an independent damage calculation. |
| Elaine R. Bayus (by deposition) | Ms. Bayus will testify concerning the drafting and negotiation of the Indenture, First Supplemental Indenture, and Second Supplemental Indenture; the negotiation of the Depfa SBPA and Lloyds SBPA; and her understanding of the terms of the aforementioned agreements. |
| Jack E. Blumenthal (in person) | Lloyds will offer Mr. Blumenthal as an accounting expert.  He will testify on the computation of the principal and interest owed to Lloyds and Depfa out of the Series V trust from May 2008 through the present. |
| Christopher Chapman (by deposition) | Mr. Chapman will testify concerning the negotiation of the Indenture, First Supplemental Indenture, Second Supplemental Indenture, Depfa SBPA, and Lloyds SBPA, and his understanding of the terms of the aforementioned agreements. |
| Elizabeth M. Davis (by deposition) | Ms. Davis will testify concerning the negotiation and making of the Indenture, First Supplemental Indenture, Second Supplemental Indenture, Depfa SBPA, and Lloyds SBPA. |
| Scott A. Friedland (in person) | Depfa will offer Mr. Friedland as an expert in accounting.  His opinions concern whether there were sufficient funds in the relevant trust accounts, after allowing for higher priority expenses and set asides, to make redemption payments to Depfa on the dates contemplated by the first sentence of Section 3.02 of the Depfa SBPA. |
| Nancy Henderson (in person) | Ms. Henderson will testify concerning the failure by ALL and BNY Mellon to make mandatory redemption payments to Depfa; communications among the parties concerning their payment disputes; the meaning of the terms "amendment," "modification," "supplement," and "parity" as used in the bond industry; and bond industry custom and practice with respect to liquidity providers' consent rights provisions; and damages. |
| Robert Landau (in person) | BNY Mellon and JPM Chase will offer Mr. Landau as an expert on custom and practice in the corporate trust industry.  His opinions concern the limited scope of the trustee's duties and |

| | |
|---|---|
| | responsibilities outlined in the Indenture and that such scope and the carrying out of those duties are  consistent with that custom and practice.  He will also proffer an opinion on the usage of the terms "supplement," "amendment," and "parity" and their meaning in the corporate trust industry. |
| Seamus O'Neill (in person) | Mr. O'Neill will offer testimony as to the background and structure of the bonds and the transactions, including the roles of and negotiations between ALL, BNY Mellon, Depfa, Lloyds, JPM Chase and Ambac.  Mr O'Neill will testify further as to the purpose and role of Depfa and Lloyds as the liquidity providers and why Lloyds was chosen as the liquidity provider on the 2006 issuance. |
| David Park (in person) | Mr. Park will testify concerning the negotiation of the Indenture, First Supplemental Indenture, and Depfa SBPA; Depfa's purchase of the ALL Series V-A-1 and V-A-2 Bonds; the failure of ALL and BNY Mellon to obtain Depfa's prior written consent to the Second Supplemental Indenture and Lloyds SBPA; the failure by ALL and BNY Mellon to make mandatory redemption payments to Depfa; communications among the parties concerning the payment disputes; the meaning of the terms "amendment," "modification," "supplement," and "parity" as used in the bond industry; and bond industry custom and practice with respect to liquidity providers' consent rights provisions. |
| Martha A. Peterson (in person) | Ms. Peterson will offer testimony regarding the negotiations and discussions of the parties during the transactions in 2005 and 2006.  In addition, Ms. Peterson will testify further regarding the administration and servicing of the bonds from the issuance of the bonds through the present.  She will provide testimony surrounding the parties' discussions and actions after Depfa and Lloyds were called upon to purchase their respective bonds, and after Depfa raised a dispute. |
| Robert Dean Pope (in person) | Lloyds will offer Mr. Pope as an expert on the meaning of "parity" in the bond industry.  He also will testify in rebuttal to Mr. Powers on the meaning of "parity," "supplement," and "amend" in the bond industry, and on consent rights in the bond industry. |
| Joel Powers (in person) | Depfa will offer Mr. Powers as an expert on custom, practice, and terms of art in the student loan bond industry.  His opinions concern the meaning of the terms "amendment," "modification," "supplement," and "parity" as used in the industry and their application in this case; and industry custom |

| | and practice with respect to liquidity providers' consent rights provisions. |
|---|---|
| Dennis J. Roemlein (in person) | Mr. Roemlein will testify as to the day to day responsibilities of the trustee under the Indenture and how those responsibilities were carried out.  He will testify as to the negotiation and execution of the Indenture, First and Second Supplemental Indentures and the DEPFA and Lloyds Liquidity Facilities from the perspective of the trustee.  He will also testify as to the process of redeeming bank bonds and making other disbursements from the trust accounts. |
| Steven Thel (in person) | Depfa will offer Prof. Thel as a rebuttal expert to Mr. Landau.  His opinions concern custom and practice in the corporate trust industry and their application in this case, and his concurrence in Mr. Powers' opinion concerning Depfa's consent rights. |
| Théa Watkins (in person) | Ms. Watkins is an officer of Lloyds.  She will testify on the making and negotiation of the 2006 transaction documents, and on the meaning of "parity," "supplement," and "amend" in those documents and in the bond industry.  She also will testify on how ALL and BNY failed to redeem bonds as required by the Lloyds SBPA. |

## VIII.   DEPOSITION DESIGNATIONS

| Deposition Designations, Counter-designations and Objections of BNY Mellon | | | |
|---|---|---|---|
| **Elaine Bayus**: | 9:12-25 | 10:8-12 | 11:9-20 | 11:24-12:13 |
| | 12:21-14:18 | 14:23-25 | 15:6-21 | 17:22-18:23 |
| | 19:4-9 | 22:7-18 | 23:13-24:5 | 14:21-25:4 |
| | 35:21-36:6 | 37:19-38:4 | 38:22-39:17 | 42:12-43:6 |
| | 43:16-47:13 | 48:11-49:17 | 50:7-52:19 | 54:24-55:18 |
| | 57:21-58:20 | 59:13-18 | 60:12-61:3 | 61:14-23 |
| | 62:10-22 | 63:14-19 | 64:7-67:3 | 70:3-13 |
| | 71:22-72:7 | 73:3-10 | 75:19-76:14 | 85:5-15 |

|  | 85:17-24 | 86:23-88:20 | 90:22-91:12 | 93:15-94:3 |
|---|---|---|---|---|
|  | 94:1-95:25 | 98:6-99:5 | 99:22-100:11 | 101:2-6 |
|  | 102:17-22 | 104:19-106:9 | 106:17-107:14 | 108:14-109:20 |
|  | 113:8-23 | 114:10-116:3 | 116:10-118:16 | 119:3-24 |
|  | 120:19-22 |  |  |  |
|  | **Counterdesignation:** 81:9-17 |  |  |  |
|  | **Objections:** |  |  |  |
|  | 67:2-11      Calls for legal conclusion |  |  |  |
|  | 89:10-20      Lacks foundation; calls for legal conclusion; misleading; ambiguous |  |  |  |
|  | 90:6-12      Lacks foundation; calls for legal conclusion |  |  |  |
|  | 98:14-25      Ambiguous; leading |  |  |  |
|  | 99:6-11      Lacks foundation; calls for legal conclusion; ambiguous; leading |  |  |  |
|  | 100:6-19      Ambiguous; leading |  |  |  |
|  | 108:6-9      Ambiguous |  |  |  |
|  | 121:10-17      Lacks foundation; ambiguous; leading |  |  |  |
|  | 121:18-122:1  Lacks foundation; ambiguous; leading |  |  |  |
| **Christopher Chapman**: | 17:16-18:10 | 18:17-19:10 | 19:18-20:3 | 20:8-23:5 |
|  | 33:6-34:5 | 36:1-37:2 | 43:15-19 | 44:7-10 |
|  | 44:20-24 | 47:9-48:21 | 49:18-50:14 | 54:6-10 |
|  | 54:16-20 | 55:24-56:14 | 64:8-65:6 | 71:3-15 |
|  | 73:4-10 | 85:14-87:20 | 93:16-22 | 102:22-104:8 |
|  | 105:10-106:22 | 107:10-108:7 | 108:23-112:9 | 112:18-21 |
|  | 117:12-118:11 | 118:17-119:9 | 119:18-121:7 | 126:6-128:20 |

| | 129:20-131:8 | 131:16-132:2 | 137:12-138:11 | 142:22-145:3 |
|---|---|---|---|---|
| | 145:9-147:24 | 150:10-151:6 | 152:14-25 | |
| | **Objections:** | | | |
| | 59:10-17        Calls for legal conclusion | | | |
| | 75:13-17        Lacks foundation; leading | | | |
| | 76:9-17        Lacks foundation; calls for legal conclusion | | | |
| | 77:3-9        Lacks foundation; calls for legal conclusion | | | |
| | 78:7-16        Leading; lacks foundation; calls for legal conclusion | | | |
| | 79:2-9        Lacks foundation; calls for legal conclusion | | | |
| | 79:13-19        Lacks foundation; calls for legal conclusion | | | |
| | 82:5-9        Calls for legal conclusion | | | |
| | 83:3-7        Ambiguous; leading; calls for legal conclusion | | | |
| | 83:17-23        Ambiguous; lacks foundation; calls for legal conclusion; answer non-responsive | | | |
| | 90:3-6        Calls for legal conclusion | | | |
| | 91:21-92:7        Lacks foundation; calls for legal conclusion | | | |
| | 92:8-16        Lacks foundation; calls for legal conclusion | | | |
| | 92:17-20        Calls for legal conclusion; leading | | | |
| | 101:9-13        Calls for legal conclusion; ambiguous; leading | | | |
| | 104:15-22        Answer non-responsive | | | |
| **Elizabeth Davis:** | 10:17-22 | 11:1-5 | 11:8-25 | 12:12-13:8 |
| | 13:15-16:21 | 17:6-18:20 | 19:18-20:4 | 20:14-21:5 |
| | 22:6-25:21 | 26:5-27:12 | 27:17-30:2 | 30:11-32:18 |
| | 33:19-25 | 37:8-38:12 | 38:21-40:21 | 41:10-24 |

| | | | |
|---|---|---|---|
| 43:22-44:18 | 45:24-46:7 | 49:4-50:4 | 50:23-51:15 |
| 52:7-53:6 | 55:12-15 | 56:1-8 | 57:1-13 |
| 58:7-49:3 | 60:4-61:10 | 62:6-64:3 | 64:19-65:11 |
| 66:9-75:4 | 75:15-76:8 | 76:22-78:17 | 78:21-25 |
| 79:7-10 | 80:9-19 | 85:14-22 | 90:3-23 |
| 72:7-15 | 96:14-97:19 | 98:7-99:12 | 101:21-104:6 |
| 105:12-22 | 115:20-23 | 117:5-24 | 118:5-24 |
| 124:5-126:7 | 127:17-129:4 | 129:17-130:5 | 133:6-15 |
| 159:1-23 | 160:23-161:4 | 165:7-11 | 167:5-168:3 |
| 173:11-23 | 178:1-179:3 | 180:7-14 | 187:15-188:5 |
| 189:11-19 | 192:24-195:3 | 194:22-197:13 | 197:17-199:11 |
| 201:16-202:6 | 202:20-203:6 | 203:14-205:25 | 206:13-16 |
| 208:14-209:9 | 211:21-212:20 | 213:5-20 | 214:3-9 |
| 214:20-25 | 219:13-220:4 | 221:12-25 | 222:1-4 |
| 224:10-226:14 | 227:7-22 | 235:24-237:20 | 239:18-22 |

**Counterdesignations:**    108:5-25, 239:18-22

**Objections**:

164:22-165:6  Leading; lacks foundation

184:11-18     Leading; assumes facts not in evidence

223:7-14      Ambiguous; compound

239:3-11      Leading; lacks foundation

| Deposition Designations, Counter-designations and Objections of Depfa | | | |
|---|---|---|---|
| **Elaine Bayus**: | 80:22-81:4 | 86:8-13 | 89:4-93:10 | 94:24-102:16 |
| | 104:8-107:14 | 107:21-108:13 | 121:10-122:1 | |
| | **Counterdesignations:**  12:21-13:9, 15:6-15, 62:2-9, 63:9-13, 82:5-11, 88:2-3 | | | |
| **Christopher Chapman**: | 17:16-19:17 | 22:10-23:5 | 42:5-44:10 | 45:16-48:24 |
| | 51:9-54:5 | 54:24-57:18 | 59:10-17 | 67:9-68:4 |
| | 70:22-83:23 | 85:7-87:20 | 88:7-92:20 | 96:18-97:5 |
| | 98:21-99:9 | 100:13-101:18 | 138:12-21 | 146:19-24 |
| | **Counterdesignations:**  36:2-37:2, 135:5-7, 149:19-150:3 | | | |
| | **Objections:** | | | |
| | 54:6-10          Form (speculation) | | | |
| | 54:16-20          Form (speculation | | | |
| | 58:18-2          Form (speculation) | | | |
| | 105:10-22          Form (speculation; leading) | | | |
| | 105:23-106:6  Form (speculation; leading | | | |
| | 106:23-107:9  Form (speculation; leading) | | | |
| | 108:12-16          Form (vague and ambiguous) | | | |
| | 111:9-20          Form (speculation; leading | | | |
| | 111:21-112:9  Form (speculation) | | | |
| | 117:12-19          Form (assumes facts not in evidence; leading); legal conclusion | | | |
| | 117:20-118:11 Legal conclusion | | | |
| | 118:17-25          Form (assumes facts not in evidence; leading; foundation | | | |
| | 119:13-17          Form (foundation; speculation | | | |

| | | | |
|---|---|---|---|
| | 119:18-120:2   Form (assumes facts not in evidence) | | |
| | 120:13-16      Form (foundation) | | |
| | 121:4-7        Form (speculation; foundation; assumes facts not in evidence; hypothetical) | | |
| | 127:9-14       Legal conclusion | | |
| | 127:15-20      Legal conclusion | | |
| | 127:21-25      Legal conclusion | | |
| | 128:8-20       Legal conclusion | | |
| | 131:3-8        Form (leading) | | |
| | 141:25-142:2   Form (speculation; foundation) | | |
| | 146:2-7        Form (vague and ambiguous | | |
| | 146:8-18       Form (compound; leading) | | |
| | 146:25-147:5   Form (leading) | | |
| | 147:6-9        Form (leading) | | |
| | 147:10-17      Form (leading) | | |
| | 147:18-24      Form (vague and ambiguous; leading) | | |
| | 152:14-21      Form (speculation) | | |
| **Elizabeth Davis** | 15:16-21 | 16:8-13 | 17:6-12 | 18:2-20:13 |
| | 22:7-23:7 | 23:15-24:22 | 26:5-28:5 | 120:21-121:21 |
| | 126:8-14 | 162:20-166:10 | 184:7-18 | 189:11-190:13 |
| | **Counterdesignation**: 78:18-20 | | |
| | 20:20-21:5     Form (vague and ambiguous) | | |
| | 30:20-23       Legal conclusion | | |
| | 31:7-11        Legal conclusion | | |

| | | |
|---|---|---|
| | 31:12-16 | Legal conclusion |
| | 32:5-8 | Legal conclusion |
| | 32:9-13 | Legal conclusion |
| | 33:19-25 | Form (vague and ambiguous); legal conclusion |
| | 50:23-51:2 | Legal conclusion |
| | 62:10-21 | Hearsay |
| | 62:25-63:8 | Hearsay |
| | 63:-16 | Legal conclusion |
| | 63:17-64:3 | Hearsay; legal conclusion |
| | 64:19-65:5 | Hearsay |
| | 72:12-19 | Hearsay |
| | 72:20-24 | Hearsay |
| | 72:25-73:17 | Hearsay; form (calls for speculation; leading); legal conclusion; |
| | 74:2-11 | Hearsay |
| | 74:12-16 | Hearsay; legal conclusion; form (speculation) |
| | 76:9-17 | Form (foundation; calls for speculation) |
| | 76:18-21 | Form (foundation; calls for speculation) |
| | 76:22-24 | Form (foundation; calls for speculation) |
| | 79:2-6 | Form (calls for speculation) |
| | 80:13-19 | Hearsay |
| | 95:18-24 | Hearsay; form (speculation) |
| | 96:25-97:10 | Form (calls for speculation) |
| | 97:11-15 | Hearsay |

| | 97:16-19 | Hearsay; form (speculation) | | |
| | 97:20-25 | Hearsay; form (speculation) | | |
| | 98:2-6 | Hearsay; form (foundation; calls for speculation) | | |
| | 98:16-22 | Form (speculation) | | |
| | 98:23-99:12 | Form (calls for speculation; leading); hearsay | | |
| | 108:5-25 | Legal conclusion | | |
| | 109:5-9 | Legal conclusion | | |
| | 118:5-11 | Legal conclusion | | |
| | 118:12-24 | Legal conclusion | | |
| | 208:21-209:5 | Form (foundation; leading) | | |
| | 214:3-7 | Legal conclusion | | |
| | 214:20-25 | Legal conclusion | | |
| | 218:21-219:20 | Form (speculation) | | |
| | 220:17-20 | Hearsay | | |
| | 221:12-23 | Hearsay | | |
| | 221:24-222:4 | Hearsay | | |
| | 238:9-239:2 | Form (speculation); hearsay | | |
| | 239:3-11 | Form (speculation); hearsay | | |
| | | | | |
| **Deposition Designations, Counter-designations and Objections of Lloyds TSB Bank PLC** | | | | |
| **Elizabeth Davis** | 10:17-12:18 | 13:15-18:23 | 19:18-20:4 | 20:14-19 |
| | 22:7 -24:12 | 25:12-24 | 26:8-18 | 28:6-29:13 |
| | 30:16-31:16 | 31:20-32:13 | 33:19-35:4 | 37:8-38:7 |

|  | | | |
|---|---|---|---|
|  | 45:24-46:7 | 50:11-51:2 | 52:19-53:6 | 56:2-8 |
|  | 57:2-13 | 59:14-60:23 | 62:6-64:3 | 67:6-13 |
|  | 70:8-71:20 | 72:7-73:15 | 74:17-75:14 | 76:7-77:8 |
|  | 78:2-17 | 78:21-25 | 90:6-91:11 | 92:7-16 |
|  | 96:9-97:19 | 98:16-99:12 | 101:21-102:6 | 106:16-109:9 |
|  | 117:25-119:7 | 127:17-128:21 | 148:3-25 | 150:9-151:25 |
|  | 152:23-153:14 | 171:6-179:3 | 182:24-184:10 | 194:2-21 |
|  | 195:4-197:24 | 202:20-203:2 | 203:13-206:7 | 206:13-16 |
|  | 208:12-222:4 | 222:21-223:6 | 224:10-225:15 | 227:7-228:3 |
|  | 231:17-25 | 233:16-22 | 239:3-11 |  |
|  | **Counterdesignations**:    26:8-28:5, 96:15-99:12, 30:16-31:16, 33:19-25, 37:8-38:12, 208:14-209:9, 212:10-20, 215:2-11, 96:15-99:12, 237:21-239:11 | | | |
|  | **Objections:** | | | |
|  | 164:22-165:6  as leading, and lacking foundation | | | |
|  | 184:11-184:18 as leading and assuming facts not in evidence | | | |
| **Elaine Bayus** | 8:19-14:13 | 14:23-25 | 15:6-21 | 17:22-18:23 |
|  | 19:4-22 | 21:25-27:2 | 29:4-32:13 | 33:14-25 |
|  | 35:12-36:6 | 41:17-52:19 | 53:8-56:13 | 57:2-58:20 |
|  | 59:13-61:23 | 62:10-64:6 | 66:9-14 | 67:4-69:4 |
|  | 70:14-74:16 | 75:19-76:14 | 83:25-84:4 | 85:17-87:7 |
|  | 88:17-20 | 90:22-91:12 | 94:10-95:25 | 98:6-13 |
|  | 99:22-100:5 | 104:25-105:16 | 110:12-111:18 | 112:20-113:23 |
|  | 116:15-118:16 | 119:3-120:22 |  |  |

|  | **Counterdesignations**:  24:21-25:4, 85:17-87:7, 46:16-47:1, 51:8-52:5, 55:19-56:13, 90:22-91:12, 108:14-109:20, 119:3-120:22, 35:21-36:3, 37:7-38:4, 98:6-13, 99:22-100:5, 35:21-36:3, 37:7-38:4, 102:17-22, 61:4-23, 62:10-63:8, 104:25-105:16, 32:9-16, 35:21-36:3, 37:19-38:4, 22:7-18, 112:20-113:23, 116:15-118:16, 73:11–74:16, 63:24–64:6, 72:8–74:16, 94:24–95:25, 35:21–36:3, 37:7–38:4, 61:14–23, 62:10–63:8, 104:25–105:16, 94:24–95:25, 94:24–95:25, 94:24–95:25 | | |
|---|---|---|---|
|  | **Objections:** | | |
|  | 89:4–20 as ambiguous, leading, and misleading | | |
|  | 93:4-10 as leading | | |
|  | 98:14-25 and 100:6-19 as ambiguous and leading | | |
|  | 108:6–9 as ambiguous | | |
|  | 98:16-20 as leading and ambiguous | | |
|  | 115:3–116:3 as leading | | |
| **Christopher Chapman** | 8:17-25:10 | 33:9-34:18 | 40:4-41:16 | 44:20-47:15 |
|  | 49:18-54:20 | 57:23-58:11 | 59:5-17 | 67:9-14 |
|  | 70:22-71:15 | 73:11-74:14 | 81:21-82:21 | 84:17-85:6 |
|  | 95:8-96:7 | 98:21-99:9 | 104:15-112:9 | 113:20-24 |
|  | 114:7-115:7 | 117:12-121:7 | 121:18-122:10 | 126:6-128:20 |
|  | 129:20-131:8 | 135:8-24 | 137:19-138:11 | 141:2-10 |
|  | 145:9-147:24 | 149:4-18 | 150:10-152:25 |  |
|  | **Counterdesignations**:  106:7–108:16, 111:21–112:9, 145:9–147:24, 73:11–74:14, 76:9–20, 79:2-12, 111:21–112:9, 145:9–147:24, 115:24–118:11, 145:9–147:24, 117:12–118:11, 120:3–121:3, 145:9–147:24, 120:3–121:3, 145:9–147:24, 126:6–128:20, 129:20–130:21, 117:2–118:11, 126:6–128:10, 129:20–130:21, 134:14–135:7, 135:13–16, 137:19–138:11, 145:9–146:18, 146:25–147:24, 117:12–118:11, 120:3–121:3, 145:9–147:24 | | |
|  | **Objections**: | | |
|  | 75:13–17 as leading and  lacking foundation | | |

|  | 78:7–16 as leading | | | |
|---|---|---|---|---|
|  | 83:3–7 as ambiguous, leading, and calling for legal opinion | | | |
|  | 101:9–11 as leading | | | |
|  | | | | |

| **Deposition Designations, Counter-designations and Objections of ALL** | | | | |
|---|---|---|---|---|
| **Elaine Bayus** | 44:19-22 | 45:9-13 | 45:14:16 | 45:17-19 |
|  | 45:20-22 | 45:23-25 | 46:1-6 | 47:6-20 |
|  | 48:11-25 | 49:1-17 | 49:18-25 | 50:1-25 |
|  | 51:1-25 | 52:1:5 | 52:6-19 |  |
|  | **Counterdesignations**: 38:5-9, 39:9-17, 105:7-10, 119:3-17, 120: 4-22 | | | |
|  | **Objections:** | | | |
|  | 67:2-11        Legal conclusion | | | |
|  | 89:10-20        Lacks foundation and calls for legal conclusion | | | |
|  | 90:6-12        Lacks foundation and calls for legal conclusion | | | |
|  | 99:6-11        Lacks foundation and calls for legal conclusion | | | |
|  | 100:6-19        Leading | | | |
|  | 121:10-17        Lacks foundation and leading | | | |
|  | 121:18-122:1  Lacks foundation and leading | | | |
| **Christopher Chapman** | **Objections:** | | | |
|  | 59:10-17        Legal conclusion | | | |
|  | 75:13-17        Lacks foundation and leading | | | |
|  | 76:9-17        Lacks foundation and calls for legal conclusion | | | |
|  | 77:3-9        Lacks foundation and calls for legal conclusion | | | |

| | | | | |
|---|---|---|---|---|
| | 78:7-16 | Leading; lacks foundation and calls for legal conclusion | | |
| | 79:2-9 | Lacks foundation and calls for legal conclusion | | |
| | 79:13-19 | Lacks foundation and calls for legal conclusion | | |
| | 82:5-9 | Legal conclusion | | |
| | 83:3-7 | Leading; calls for legal conclusion | | |
| | 83:17-23 | Lacks foundation; calls for legal conclusion | | |
| | 90:3-6 | Legal conclusion | | |
| | 91:21-92:7 | Lacks foundation; calls for legal conclusion | | |
| | 92:8-16 | Lacks foundation; calls for legal conclusion | | |
| | 92:17-20 | Calls for legal conclusion; leading | | |
| | 101:9-13 | Calls for legal conclusion and leading | | |
| **Elizabeth Davis** | 37:8-11 | 37:12-15 | 37:16-19 | 37:20-25 |
| | 38:8-12 | 98:7-12 | 162:11-15 | 164:17-21 |
| | 189:11-15 | | | |
| | **Counterdesignations**:  34:21-25, 35:1-25, 36:1-25, 37:1-15, 43:4-25, 44:1-25, 45:1-25, 46:1-7, 192:24-25, 193:1-25, 194:1-21, 208:14-25, 209:1-9, 213:21-25, 214:1-25 | | | |
| | **Objections:** | | | |
| | 164:22-165:6 | Leading | | |
| | 184:11-18 | Leading | | |
| | 239:3-11 | Leading | | |

| Deposition Designations, Counter-designations and Objections of JPMC | | | |
|---|---|---|---|
| **Elaine Bayus** | 6:10-6:13 | 11:9-11:18 | 11:24-12:11 | 12:21-13:9 |
| | 14:5-14:8 | 15:6-15:15 | 17:22-18:6 | 18:21-18:23 |
| | 19:4-19:9 | 21:25-22:18 | 24:2-25:4 | 29:4-32:18 |
| | 35:12-36:6 | 36:22-36:24 | 37:22-38:4 | 39:9-39:12 |
| | 42:19-49:20 | 50:7-52:19 | 53:8-55:18 | 63:14-63:19 |
| | 75:19-76:5 | 93:11-94:17 | 104:15-104:24 | 112:20-118:16 |
| | 119:9-119:17 | 120:19-120:22 | | |
| | **Objections:** | | | |
| | 89:10 – 89:20  (lacks foundation/calls for legal conclusion/misleading) | | | |
| | 90:6 – 90:12    (lacks foundation/calls for legal conclusion) | | | |
| | 93:4 – 93:10    (leading/lacks foundation/calls for legal conclusion) | | | |
| | 98:14 – 98:25  (ambiguous and leading) | | | |
| | 99:6 – 99:11    (lacks foundation/calls for legal conclusion/ambiguous/leading) | | | |
| | 100:6 – 100:19 (ambiguous/lacks foundation/leading) | | | |
| | 104:8 – 104:14 (lacks foundation/calls for legal conclusion/ambiguous/leading) | | | |
| | 108:6 – 108:9  (lacks foundation/calls for legal conclusion/ambiguous) | | | |
| | 121:10 – 121:17 (lacks foundation/ ambiguous/leading) | | | |
| | 121:18 – 121:25 (lacks foundation/ ambiguous/leading) | | | |
| **Christopher Chapman** | 17:16-18:10 | 20:8-20:12 | 21:19-22:9 | 22:10-22:21 |
| | 40:4-40:24 | 44:25-45:21 | 46:8-47:6 | 50:15-51:16 |
| | 52:9-53:8 | 107:10-108:7 | 108:23-112:9 | 115:8-118:11 |
| | 118:17-119:9 | 119:18-121:7 | 124:23-124:25 | 126:10-128:20 |

| | | | |
|---|---|---|---|
| 129:20-131:8 | 132:21-133:21 | 135:10-135:16 | 138:5-138:11 |
| 139:25-142:12 | 143:2-144:25 | 145:9-147:25 | |

**Counterdesignations**:  44:7-10; 54:6-10; 64:8-65:6; 73:4-10

**Objections:**

74:15 – 74:21  (ambiguous)

75:13 – 75:17  (lacks foundation/calls for legal conclusion)

76:9 – 76:17   (lacks foundation/calls for legal conclusion)

77:2 – 77:9     (lacks foundation/calls for legal conclusion)

78:8 – 78:16   (leading/lacks foundation/calls for legal conclusion)

79:2 – 79:9     (lacks foundation/calls for legal conclusion)

79:13 – 79:19 (ambiguous/lacks foundation/calls for legal conclusion)

83:3 – 83:7     (leading/ambiguous/lacks foundation/calls for legal conclusion)

83:8 – 83:16   (ambiguous/lacks foundation/calls for legal conclusion)

83:17 – 83:23  (ambiguous/lacks foundation/calls for legal conclusion/non-responsive)

89:21 – 90:6   (lacks foundation/calls for legal conclusion)

91:21 – 92:7   (lacks foundation/calls for legal conclusion)

92:8 – 92:16   (lacks foundation/calls for legal conclusion)

92:17 – 92:20  (lacks foundation/calls for legal conclusion)

101:9 – 101:13 (leading/lacks foundation/calls for legal conclusion/ambiguous)

138:12-21        (lacks foundation/calls for speculation)

| **Elizabeth Davis** | 11:2-12:18 | 13:15-16:13 | 17:6-17:25 | 22:7-23:7 |
|---|---|---|---|---|
| | 23:15-24:12 | 25:5-25:24 | 28:6-28:20 | 30:7-32:18 |
| | 33:19-33:25 | 37:8-38:12 | 45:24-46:7 | 52:19-53:6 |

| 66:9-67:24 | 70:8-70:11 | 71:7-71:24 | 72:7-72:19 |
|---|---|---|---|
| 74:12-74:16 | 78:21-79:10 | 80:9-80:19 | 82:7-83:2 |
| 88:21-89:13 | 95:3-96:6 | 96:15-97:19 | 98:23-99:12 |
| 108:5-108:25 | 128:2-128:21 | 148:15-148:25 | 159:2-159:23 |
| 189:11-189:15 | 189:20-189:25 | 193:11-193:25 | 196:4-198:8 |
| 201:16-202:6 | 202:10-203:6 | 205:10-205:18 | 208:14-209:9 |
| 211:21-212:9 | 213:5-213:20 | 232:18-232:22 | 239:17-239:22 |

## IX.    EXHIBITS

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 1 | Trust Indenture between Access to Loans for Learning Student Loan Corporation ("ALL") and JPMorgan Chase Bank, National Association ("JPMorgan"), as Trustee, Securing Student Loan Program Revenue Bonds (Series V), dated August 1, 2005. BNY0001934 – BNY0002019; Chapman Ex. 4 | 08/01/2005 | All parties | ** |
| 2 | First Supplemental Indenture between ALL and JPMorgan, as Trustee, Relating to Senior Series V-A-1 and V-A-2 Bonds dated August 1, 2005. DEPFA10028907 – DEPFA10028987; Chapman Ex. 5 | 08/01/2005 | All parties | ** |
| 3 | Second Supplemental Indenture between ALL and JPMorgan, as Trustee, Relating to Senior Series V-A-3, V-A-4, and V-A-5 Bonds, dated August 1, 2006. LB013204 – LB013281; Chapman Ex. 6 | 08/01/2006 | All parties | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 4 | Standby Bond Purchase Agreement ("SBPA") by and among ALL, JPMorgan, as Trustee and Tender Agent, and DEPFA BANK plc ("Depfa") for ALL Senior Series V-A-1 and V-A-2 Bonds, dated August 1, 2005. DEPFA10028989 – DEPFA10029029; Chapman Ex. 7 | 08/01/2005 | All parties | ** |
| 5 | SPBA by and among ALL, JPMorgan, as Trustee and Tender Agent, and Lloyds TSB Bank plc ("Lloyds") acting by and through its New York Branch, $190,000,000 Access to Loans for ALL Senior Series V-A-3, V-A-4 and V-A-5 Bonds.  LB000214 – LB000257; Chapman Ex. 8 | 08/01/2006 | All parties | ** |
| 6 | Certificate and Agreement by and among ALL, Ambac Assurance Corporation ("Ambac"), and JPMorgan, as Trustee, dated August 1, 2005.  ALL0000178 – ALL0000183; Davis Ex. 4 | 08/01/2005 | All parties | ** |
| 7 | Certificate and Agreement by and among ALL, Ambac, and JPMorgan, as Trustee, dated August 2, 2006.  ALL0001050 – ALL0001057; Davis Ex. 5 | 08/02/2006 | All parties | ** |
| 8 | Draft of Depfa SBPA dated May 25, 2005, with attached email from Sandra Melson, on behalf of Elizabeth Davis, to other parties.  KR-DEPFA0001785 – KR-DEPFA0001835; Chapman Ex. 19 | 05/25/2005 | All parties | ** |
| 9 | Letter from Nancy Henderson and David Park to Martha Peterson, dated July 16, 2009.  ALL0011801 – ALL0011804; Peterson Ex. 3 | 07/16/2009 | All parties | ** |
| 10 | Letter from Martha Peterson to Nancy Henderson and David Park regarding Series V Indenture, dated August 4, 2009.  DEPFA10108223 – DEPFA10108229; Peterson Ex. 4 | 08/04/2009 | All parties | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 11 | Letter from Martha Peterson to Nancy Henderson and David Park regarding Bank Bond Redemption Inquiry, dated November 24, 2009.  BNY0004981 – BNY0004982; Peterson Ex. 5 | 11/24/2009 | All parties | ** |
| 12 | Letter from Nancy Henderson to Martha Peterson and Quentin Wilson, dated November 27, 2009. ALL0011848 – ALL0011850; Peterson Ex. 6 | 11/27/2009 | All parties | ** |
| 13 | Letter from Nancy Henderson to Martha Peterson and Quentin Wilson regarding Events of Default, dated August 31, 2010.  DEFPA10030634 – DEFPA10030638; Peterson Ex. 29 | 08/31/2010 | All parties | ** |
| 14 | Letter to D. Park from UBS Financial Services, Inc. dated 4/30/05. DEPFA10108056-58; Park Ex. 10 | 04/30/2005 | ALL, BNY | ** |
| 15 | Lloyds bid regarding SBPA for ALL Series V Indenture, dated May 5, 2005. LB 0022429 – LB 0022435 | 05/05/2005 | Lloyds | ** |
| 16 | Correspondence from Depfa Bank plc to Lee Donner of First Southwest Company regarding Letter of Interest dated May 6, 2005; Park Ex. 3 | 05/06/2005 | ALL, BNY, JPMChase | * |
| 17 | Correspondence from Depfa Bank plc to Martha Peterson of ALL Student Loan Corporation and Joseph Santoro of UBS Financial Services regarding Proposal for Standby Bond Purchase Agreements dated May 6, 2005; DEPFA10108059-66.  Park Ex. 4 | 05/06/2005 | ALL, BNY, JPMChase | ** |
| 18 | Depfa bid regarding SBPA for ALL Series V Indenture, dated May 6, 2005. ALL0004011 – ALL0004019; Park Ex. 11 | 05/06/2005 | ALL, BNY, Lloyds | ** |
| 19 | Email dated May 18, 2005 from Sandra M. Melson, on behalf of Elizabeth Davis, regarding attached initial draft of the Depfa SBPA.  KR-DEPFA0004391 – KR-DEPFA0004430; Chapman Ex. 18 | 05/18/2005 | All parties | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 20 | Email dated May 19, 2005 from Elizabeth Davis to Richard Marsh regarding ALL Student Loan, with attached email string back to May 18, 2005. KR-DEPFA0003491 – KR-DEPFA0003498; Davis Ex. 13 | 05/18/2005 | ALL, JPMChase, Lloyds | * |
| 21 | Email From Sandra Melson to Richard Marsh and Dwight Kwa dated May 18, 2005 regarding ALL Student Loan, with Blackline of ALL Agreement attached. KR-DEPFA0004837-4882; Davis Ex. 9 | 05/18/2005 | DEPFA | * |
| 22 | Email Chain between Richard Marsh and Elizabeth Davis dated May 18, 2005 regarding ALL Student Loan Corporation.  KR-DEPFA0008973-76; Davis Ex. 10 | 05/18/2005 | DEPFA | * |
| 23 | Email from Martha Peterson to Elizabeth Davis and Seamus O'Neill dated May 23, 2005 regarding Standby Bond Purchase Agreement attached.   KR-DEPFA0003526-66; Chapman Ex. 9 | 05/23/2005 | DEPFA | * |
| 24 | Email dated May 25, 2005 from Sandra M. Melson, on behalf of Elizabeth Davis, regarding attached comments to the First Supplemental Indenture, Multi-Mode Annex., and Trust Indenture. KR-DEPFA0003076 – KR-DEPFA0003092; Davis Ex. 11 | 05/25/2005 | ALL, BNY, DEPFA, Lloyds | ** |
| 25 | Email dated May 26, 2005 from Richard Marsh to Blake Wade re comments on attached draft bond documents. AMB 00001444 – AMB 00001490. | 05/26/2005 | Lloyds | * |
| 26 | Email dated Mary 27, 2005 from Richard Marsh to Martha Peterson re ALL Student Loan Documents. AMB 00001506. | 05/27/2005 | Lloyds | * |
| 27 | Draft of Trust Indenture, dated June 1, 2005. KR-DEPFA0001071 – KR-DEPFA0001160; Davis Ex. 12 | 06/01/2005 | ALL, BNY, JPMChase, Lloyds | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 28 | Offering Memorandum relating to Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds Series V, consisting of Senior Series V-A Bonds, Senior Subordinate Series V-B Bonds, Subordinate Series V-C Bonds and Junior Subordinate Series V-D Bonds dated July, 2005.  ALL0000339-514; Park Ex. 12 | 07/01/2005 | ALL, BNY, JPMChase | ** |
| 29 | Email from Sandra Melson to Robert Rink dated July 7, 2005 regarding ALL Student Loans Corp., with Davis' comments to Term Sheet attached. KR-DEPFA0004052-59; Davis Ex. 8 | 07/07/2005 | ALL, DEPFA | * |
| 30 | Email dated July 22, 2005 from Elaine Bayus to other parties regarding attached draft Indenture.  KR-DEPFA0000908 – KR-DEPFA0000997; Bayus Ex. 2 | 07/22/2005 | BNY, JPMChase, Lloyds | ** |
| 31 | Email from David Park to Martha Peterson regarding ALL Student Loan Series V – DEPFA Legal Fees, dated July 28, 2005.  KR-DEPFA0009017; Peterson Ex. 18 | 07/28/2005 | ALL, DEPFA, Lloyds | * |
| 32 | Standyby Bond Purchase Agreement. BNY0004329-75; Roemlein Ex. 8 | 08/01/2005 | ALL | ** |
| 33 | Email from David Park to Nellie Gambarin regarding Series V Redemptions, with attachments, dated November 30, 2009.  DEPFA0004432-4441 | 11/30/2009 | ALL | * |
| 34 | Ambac Financial Guaranty Insurance Policy, Policy No. 24368BE, dated August 3, 2005.    ALL0000255 – ALL0000260. | 08/03/2005 | DEPFA, Lloyds | ** |
| 35 | Direction dated August 3, 2005 from ALL to JPMorgan Chase Bank, National Association.  ALL0000781-2 | 08/03/2005 | BNY, JPMChase | * |
| 36 | Specimen Bonds, ALL Senior Series V-A-1 and V-A-2, dated August 3, 2005. OHS SR 00836 – OHS SR 00845. | 08/03/2005 | BNY, Lloyds | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 37 | ALL Student Loan Program Revenue Bond Senior Sesries V-A-1 (Specimen), dated August 3, 2005.  ALL0000816-22; Chapman Ex. 14 | 08/03/2005 | ALL, BNY, JPMChase | * |
| 38 | Liquidity Facility Provider Distribution List, dated June 15, 2006.  ALL0004071; Peterson Ex. 2 | 06/15/2006 | ALL | * |
| 39 | Request for Proposal ("RFP") from First Southwest to Lloyds regarding SBPA for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 16, 2006.  LB009244 – LB009287; Chapman Ex. 10 | 06/16/2006 | ALL, BNY, DEPFA, Lloyds | ** |
| 40 | RFP from First Southwest to Depfa regarding SBPA for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 16, 2006.  DEPFA0017090 – DEPFA0017132; Park Ex. 5 | 06/16/2006 | ALL, BNY, Lloyds | ** |
| 41 | Lloyds bid regarding SBPA for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 20, 2006.  KRL 006026 – KRL 006033; Chapman Ex. 11 | 06/20/2006 | ALL, BNY, DEPFA, Lloyds | ** |
| 42 | Email correspondence from Tim Bartel to Thea Watkins dated June 20, 2006, Bates No. LB015659 – LB015662; Watkins Ex. 7 | 06/20/2006 | ALL, BNY, JPMChase | ** |
| 43 | Depfa bid regarding Liquidity Facility for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 22, 2006.  ALL0003992 – ALL0003996; Chapman Ex. 16 | 06/22/2006 | ALL, BNY, JPMChase, Lloyds | ** |
| 44 | Master Data Form submitted by Elizabeth M. Davis Dated June 26, 2006, Bates No. KRL 006603 – KRL 006605; Davis Ex. 3 | 06/26/2006 | ALL, BNY, JPMChase | * |
| 45 | Email correspondence from Lee Donner to Thea Watkins and Elizabeth Davis dated June 26, 2006 with Term Supplement attached, Bates No. KRL 002500 – KRL 002608; Watkins Ex. 9 | 06/26/2006 | ALL, JPMChase | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 46 | Email dated June 27, 2006 from Sandra Melson, on behalf of Elizabeth Davis, regarding attached initial draft of the Lloyds SBPA.  KRL 000309 – KRL 000351; Chapman Ex. 12 | 06/27/2006 | ALL, BNY, DEPFA, Lloyds | ** |
| 47 | Email correspondence from Lee Donner to Thea Watkins and Elizabeth Davis dated June 27, 2006, Bates No. KRL 003872 – KRL 0003873; Watkins Ex. 8 | 06/27/2006 | ALL, BNY, DEPFA, JPMChase | ** |
| 48 | Letter from Thea Watkins to Christopher Chapman regarding Request Standby Bond Purchase Agreement.  LB019301-307; Watkins Ex. 10 | 07/10/2006 | ALL, BNY, DEPFA | ** |
| 49 | Email from Martha Peterson to Elaine Bayus, cc David Park, regarding Waterfall Amendment, dated July 18, 2006.  OHS SR 02995; Davis Ex. 6 | 07/18/2006 | ALL, BNY, JPMChase, Lloyds | * |
| 50 | Email Correspondence from Shirley Curfman and Sonnenschein Nath & Rosenthal to Timothy Moran at Standard and Poors and copied to Harumi Hata dated July 20, 2006, Bates No. OHS SR 03385 – OHS SR 03388 | 07/20/2006 | JPMChase | * |
| 51 | Email Correspondence from Shirley Curfman and Sonnenschein Nath & Rosenthal attaching revised opinions dated July 21, 2006, Bates No. OHS SR 03392 – OHS SR 03401 | 07/21/2006 | JPMChase | * |
| 52 | Term Supplement and Offering Memorandum for ALL Senior Series V-A-3, V-A-4, and V-A-5 Bonds, dated July 26, 2006. DEPFA10020226 – DEPFA10020396; Chapman Ex. 17 | 07/26/2006 | ALL, BNY, JPMChase, Lloyds | * |
| 53 | Email Correspondence from Shirley Curfman and Sonnenschein Nath & Rosenthal attaching executed final opinions dated July 26, 2006, Bates No. OHS SR 04206 – OHS SR 04212 | 07/26/2006 | JPMChase | ** |
| 54 | Email Correspondence from Charles Waters Jr. attaching opinion as counsel to JPMorgan Chase Bank dated July 27, 2006, Bates No. OHS SR 04254 – OHS SR 02458 | 07/27/2006 | JPMChase | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 55 | Resolution of Access to Loans for Learning Student Loan Corporation Authorizing the Issuance, Sale, and Delivery of Student Loan Program Revenue Bonds dated July 28 2006, Bates No. ALL0001403 – ALL0001407; Chapman Ex. 20 | 07/28/2006 | ALL, BNY, JPMChase | * |
| 56 | Copy of Lloyds SBPA in Depfa's files; DEPFA10108703-46. Park Ex. 7 | 08/01/2006 | ALL, Lloyds | ** |
| 57 | Specimen Bonds, ALL Senior Series V-A-3, V-A-4, and V-A-5, dated August 2, 2006. ALL0001522 – ALL0001536; Chapman Ex. 13 | 08/02/2006 | ALL, BNY, JPMChase, Lloyds | * |
| 58 | Closing Certificate of the Corporation dated August 2, 2006. ALL0001396-400; Bayus Ex. 5 | 08/02/2006 | ALL, BNY, JPMChase | * |
| 59 | Reliance letter from Orrick Herrington & Sutcliffe LLP per Elaine Bayus, dated August 2, 2006.  ALL0001577; Bayus Ex. 6 | 08/02/2006 | BNY, JPMChase | * |
| 60 | Opinion letter from Orrick Herrington & Sutcliffe LLP per Elaine Bayus, dated August 2, 2006.  ALL0001571 – ALL0001573; Bayus Ex. 7 | 08/02/2006 | BNY, JPMChase, Lloyds | * |
| 61 | Closing Certificate of Corporation, dated August 2, 2006. ALL0001396 – ALL0001402; Chapman Ex. 15 | 08/02/2006 | ALL, BNY, JPMChase, Lloyds | * |
| 62 | Memo from Access to Loans for Learning Student Loan Corporation to JPMorgan Chase Bank, National Association, dated August 2, 2006, Bates No. ALL0001483 – ALL0001484; Chapman Ex. 21 | 08/02/2006 | ALL, BNY, JPMChase | * |
| 63 | Opinion letter from Sonnenschein Nath & Rosenthal LLP by Shirley E. Curfman to ALL, Lloyds, and Ambac, dated August 2, 2006. DEPFA10002193 – DEPFA10002200; Landau Ex. 2 | 08/02/2006 | BNY, JPMChase, Lloyds | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 64 | Opinion letter from Sonnenschein Nath & Rosenthal LLP by Shirley E. Curfman to ALL, JPMorgan, First Southwest Company, UBS Securities LLC, J.P. Morgan Securities, dated August 2, 2006. ALL0001540 – ALL0001545; Landau Ex. 3 | 08/02/2006 | BNY, JPMChase, Lloyds | * |
| 65 | Correspondence from Kutak Rock, Counsel to Lloyds TSB Bank plc, dated August 2, 2006, Bates No. ALL0001564 – ALL0001565; Pope Ex. 5 | 08/02/2006 | BNY, JPMChase | * |
| 66 | Correspondence from Charles H. Waters, Jr., Counsel to JPMorgan Chase Bank, National Association, regarding Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds Dated August 2, 2006, Bates No. ALL0001557 – ALL0001560; Thel Ex. 8 | 08/02/2006 | BNY, JPMChase | * |
| 67 | Correspondence from Orrick, Herrington & Sutcliffe LLP, Bond Counsel to Access to Loans for Learning Student Loan Corporation Dated August 2, 2006, Bates No. ALL0001571 – ALL0001573; Thel Ex. 9 | 08/02/2006 | BNY, JPMChase, Lloyds | * |
| 68 | Letter from Orrick, Herrington & Sutcliffe LLP per Elaine Bayus to Lloyds, dated August 2, 2006.  ALL 0001579. | 08/02/2006 | Lloyds | * |
| 69 | Ambac Financial Guaranty Insurance Policy, Policy No. 25599BE, and Surety Bond, Policy No. SF0830BE, dated August 2, 2006.  ALL0001141 – ALL0001153. | 08/02/2006 | DEPFA, Lloyds | ** |
| 70 | Letter dated May 18, 2010 from David L. Barres to Kathleen Ellison re ALL Student Loan Program Revenue Bonds, Series V | 05/18/2010 | Lloyds | * |
| 71 | Certificate and Receipt of the Trustee dated August 2, 2006, Bates No. DEPFA 10002141 – DEPFA 10002147 | 08/02/2006 | BNY, JPMChase | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 72 | Transcript Index of ALL Student Loan Program Revenue Bonds, Senior Series V-A-3, Senior Series V-A-4 and Senior Series V-A-5; DEPFA10108524-26. Park Ex. 6 | 08/02/2006 | All parties | ** |
| 73 | Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds Senior Series V-A-3, Senior Series V-A-4, and Senior Series V-A-5 Transcript Index and Trust Indenture; ALL0000879-972.  Thel Ex. 5 | 08/02/2006 | BNY, JPMChase | * |
| 74 | Letter from Calfee, Halter & Griswold LLP to First Southwest Company, J.P. Morgan Securities Inc., and UBS Securities LLC, dated August 2, 2006. DEPFA10002208-10 | 08/02/2006 | BNY | * |
| 75 | ALL Student Loan Corporation, Transfer of Principal Payments from Revenue to Loan Account, Current balance by Indenture as of December 31, 2007, as of January 31, 2008, as of February 29, 2008, as of February 29, 2008, as of March 31, 2008, and as of July 31, 2008. BNY0008545, BNY0049273, BNY0017853, BNY0049584, BNY0008023, BNY0050330; Baliban Ex. 3 | 12/31/2007 | Lloyds | |
| 76 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust; BNY0048911 | 01/07/2008 | DEPFA | |
| 77 | Cash Statement and Asset List 3/31/08. ALL0004520-29; Roemlien Ex.  12 | 03/31/2008 | ALL | * |
| 78 | Account Statement of BNY from August 1, 2008 to August 31, 2008. BNY0001027-43; Peterson Ex. 19 | 08/01/2008 | ALL | * |
| 79 | Email from Martha Peterson to Michael Grace regarding Series V, with Revenue Account Waterfall attached, dated October 14, 2008.  ALL0008395-97; Peterson Ex. 21 | 10/14/2008 | ALL, BNY, DEPFA | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 80 | Email from A. Holtwick to M. Better, with copy to N. Henderson dated 10/20/08, regarding Work Plan for Upcoming Bank Bond Redemptions. DEPFA08953-56; Henderson Ex. 2 | 10/20/2008 | ALL, BNY | ** |
| 81 | Email Chain between Martha Peterson and Dennis Roemlein regarding Standby Bond Purchase Agreement, dated October 21, 2008.  BNY0016025-26; Peterson Ex. 22 | 10/21/2008 | ALL, BNY, DEPFA | ** |
| 82 | Direction dated October 23, 2008 for Partial Redemption of ALL V-A-3, V-A-4 and V-A-5 Bonds on October 27, 2008. BNY0005117 – BNY0005120; Peterson Ex. 10 | 10/23/2008 | ALL, BNY, DEPFA, Lloyds | ** |
| 83 | Email from Martha Peterson to David Park regarding partial Redemption of Series V bank Bonds, dated October 23, 2008. DEPFA0009844 – DEPFA0009845; Peterson Ex. 24 | 10/23/2008 | ALL, BNY, DEPFA, Lloyds | ** |
| 84 | Direction from ALL to BNY Mellon dated October 23, 2008, Letter from Peterson to Romelein of BNY dated October 23, 2008.  BNY0016092, BNY0005115; Peterson Ex. 30 | 10/23/2008 | ALL, BNY | * |
| 85 | Email to D. Romelein from M. Peterson with copy o M. Grace and B. Wade regarding Bank Bonds Series V. BNY0047510-14 Roemlein Ex. 9 | 10/23/2008 | ALL, BNY | ** |
| 86 | Email from Grace to Roemelein. BNY004998-5000; Roemlein Ex. 4 | 10/28/2008 | ALL | * |
| 87 | Notice of Partial Redemption of ALL Series V-A-1 and V-A-2 Bonds on November 12, 2008.  DEPFA10020546 – DEPFA10020547; Peterson Ex. 11 | 11/12/2008 | ALL, BNY, Lloyds | ** |
| 88 | Email dated 11/20/08 from M. Pitchard to A. Holtwick with copy to T. Jacobs, D. Park, N. Henderson and L. Monnier regarding Meeting with AMBAC, with attachment entitled ALL V and Utah 88.doc.  DEPFA0012651-53; Park Ex. 14 | 11/20/2008 | ALL, BNY | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 89 | Email from A. Holtwick to L. Monnier, F. Flannery, M. Pritchard, I. Epstein with copy to N. Henderson, T. Jacobs, D. Park dated 11/25/08 regarding AMBAC Meeting.  DEPFA10330-31; Henderson Ex. 7 | 11/25/2008 | ALL, BNY | ** |
| 90 | Email from Pritchard to Henderson, Park, Holtwick dated 12/17/08.  DEPFA09871-72; Henderson Ex. 4 | 12/17/2008 | ALL | * |
| 91 | Notice of Partial Redemption of ALL Series V-A-1, V-A-2, V-A-3, V-A-4, and V-A-5 Bonds on January 6, 2009.  BNY0010709 – BNY0010713; Peterson Ex. 12 | 01/06/2009 | ALL, BNY, Lloyds | ** |
| 92 | Email Chain between Quentin Wilson and David Park regarding Series V Bank Bonds, dated February 11, 2009.  DEPFA0007467-70; Peterson Ex. 20 | 02/11/2009 | ALL, BNY, DEPFA | ** |
| 93 | Email Chain between Michael Grace and Martha Peterson regarding Series V Recycling Suspension Analysis 03.19.09.xlsx attached.  ALL0016280-84 | 03/19/2009 | DEPFA | * |
| 94 | Email Chain between Michael Grace and Yuri Lerner regarding Series V Recycling Suspension Analysis 03.19.09.xlsx attached.  ALL0016825-27 | 03/19/2009 | DEPFA | * |
| 95 | Direction dated April 7, 2009 for Partial Redemption of ALL Series V-A-3, V-A-4, and V-A-5 Bonds on April 10, 2009.  BNY0005298, BNY0005301, BNY0005309, BNY0005312, BNY0005291, BNY0005294; Peterson Ex. 13 | 04/07/2009 | ALL, BNY, DEPFA, Lloyds | ** |
| 96 | Direction dated April 7, 2009 for Partial Redemption of ALL Series V-A-1 and V-A-2 Bonds on April 22, 2009.  BNY0005324, BNY0005318, BNY0005331, BNY0005328; Peterson Ex. 14 | 04/07/2009 | ALL, BNY, DEPFA, Lloyds | ** |
| 97 | Email Chain between Charlene Balfour and Thea Watkins regarding ALL V.  LB015241-43; Watkins Ex. 11 | 05/04/2009 | ALL, DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 98 | Email from Gleeson to Henderson, et al. dated 5/21/09.  DEPFA07628-29; Henderson Ex. 5 | 05/21/2009 | ALL | * |
| 99 | Email Chain between Michele White and David Park regarding Term of Lloyds Bank Bonds.  DEPFA0000980-82 | 06/05/2009 | DEPFA | * |
| 100 | Email from David Park to Derek Kettel regarding ALL Series V – Second Supplemental Indenture (Lloyds).  DEPFA0014946 | 06/05/2009 | DEPFA | * |
| 101 | Email dated 6/8/09 from White to Watkins and Vespasiano.  LB016251-52; Watkins Ex. 4 | 06/08/2009 | ALL | * |
| 102 | Thea Watkins' Handwritten notes regarding "Meeting Ambac + Depfa 6/12/09".  LB019715-20; Watkins Ex. 19 | 06/12/2009 | ALL, DEPFA | * |
| 103 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust.  BNY004731 | 06/18/2009 | DEPFA | * |
| 104 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust.  BNY004811 | 06/18/2009 | DEPFA | * |
| 105 | Email Chain between Michael Grace and Martha Peterson regarding Series V Recycling Suspension Analysis 06.22.09.xlsx attached.  ALL0016773-76 | 06/22/2009 | DEPFA | * |
| 106 | Email from Derek Kettel to David Park regarding ALL Information.  DEPFA0013704-05 | 06/23/2009 | DEPFA | * |
| 107 | Email from David Park to Derek Kettel regarding Docs.  DEPFA0014620 | 06/25/2009 | DEPFA | * |
| 108 | Email from Pritchard to Gambarin cc Holtwick dated 6/29/09.  DEPFA0204-06; Henderson Ex. 11 | 06/29/2009 | ALL | * |
| 109 | Revised Notice of Partial Redemption of ALL Series V-A-1, V-A-2, V-A-3, V-A-4 and V-A-5 on July 1, 2009.  BNY0014889, BNY0014893, BNY0014897, BNY0014901, BNY0013863; Peterson Ex. 15 | 07/01/2009 | ALL, BNY, Lloyds | ** |
| 110 | Intentionally left blank | | | N/A |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 111 | Email from Michelle White to Derek Kettel regarding ALL Student Series V A-3, V A-4 and V A-5, dated July 6, 2009.  BNY0005009 – BNY0005015. | 07/06/2009 | ALL, Lloyds | * |
| 112 | Email from David Park to Nancy Henderson regarding EFC Conference. DEPFA0015662-63 | 07/13/2009 | DEPFA | * |
| 113 | Letter dated 7/16/09 to Peterson from Henderson regarding trust indenture dated 8/1/05.  LB019637-40; Watkins Ex. 12 | 07/16/2009 | ALL | |
| 114 | Email from Martha Peterson to Derek Kettel, Michael Grace and Will Hansen regarding Depfa Letter.  BNY0017255-57 | 07/20/2009 | DEPFA | * |
| 115 | Email correspondence from Nancy Henderson to David Park dated July 24, 2009, Bates No. DEPFA 0009934 – DEPFA 0009935; Henderson Ex. 1 | 07/24/2009 | ALL, JPMChase | ** |
| 116 | Email from Martha Peterson to other parties regarding Series V, dated July 24, 2009. BNY0008121 – BNY 0008128; O'Neill Ex. 4 | 07/24/2009 | ALL, JPMChase, Lloyds | ** |
| 117 | Email correspondence from Michelle White to Martha Peterson and Thea Watkins dated July 29, 2009, Bates No. BNY0008152 – BNY0008158; Watkins Ex. 5 | 07/29/2009 | ALL, DEPFA, JPMChase | ** |
| 118 | Series V Indenture Restructuring Proposal.  SON0005082-85; O'Neill Ex. 2 | 07/30/2009 | ALL, DEPFA | * |
| 119 | Email from Martha Peterson to Effie Michailidis regarding Restructuring of Series V, with Series V - Scenarios 1 thru 4 and Restructuring Proposal attached, dated July 30, 2009.  ALL018582, ALL019228-30; and ALL018711 to ALL018716; Peterson Ex. 26 | 07/30/2009 | ALL, DEPFA | * |
| 120 | Balance Parity Report, ALL Student Loan Series V Base Case.  ALL0018608-24; Peterson Ex. 27 | 07/30/2009 | ALL, DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 121 | Email correspondence from Michelle White to Paul Briamonte, Brendan Kerr, and Neville Sin and copied to Thea Watkins, Amy Vespasiano, and Charlene Balfour dated August 10, 2009, Bates No. LB010015 – LB010026; Watkins Ex. 23 | 08/10/2009 | ALL, BNY, JPMChase | * |
| 122 | Email from Lutz to Wade cc Henderson dated 8/13/09.  DEPFA09861-62; Henderson Ex. 3 | 08/13/2009 | ALL | * |
| 123 | Email dated 8/14/09 from A. Holtwick to M. Kuckelmann and P. Zaunbos regarding The downgrade of Ambac to CC by Standard and Poor's and Moody's. DEPFA0012442-46; Park Ex. 13 | 08/14/2009 | ALL, BNY | ** |
| 124 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust. BNY0004769 | 08/31/2009 | DEPFA | * |
| 125 | Handwritten notes of 9/9/09 to 9/14/09. LB019675-76; Watkins Ex. 13 | 09/09/2009 | ALL | |
| 126 | Email from Michael Grace to Martha Peterson regarding Series V Recycling Suspension Analysis 09.17.09.xlsx attached.  ALL0016839-51 | 09/17/2009 | DEPFA | * |
| 127 | Email from Michael Grace to Martha Peterson regarding Series V Recycling Suspension Analysis 09.30.09.xlsx attached.  ALL0016884-96 | 09/30/2009 | DEPFA | * |
| 128 | Email chain among Michael Grace, Cherry McCarrell, Derek Kettel and Martha Peterson regarding Series V Recycling Suspension Analysis 09.30.09.xlsx attached.  ALL0016897-910 | 09/30/2009 | DEPFA | * |
| 129 | Email Chain between Michael Grace and Yuri Lerner regarding Series V Recycling Suspension Analysis 09.30.09.xlsx attached.  ALL0019269-82 | 09/30/2009 | DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 130 | Direction dated October 1, 2009 for Partial Redemption of ALL Series V-A-1, V-A-2, V-A-3, V-A-4 and V-A-5 Bonds on October 5, 2009. BNY0004613 – BNY004614; Peterson Ex. 16 | 10/01/2009 | ALL, BNY, DEPFA, Lloyds | ** |
| 131 | Depfa report regarding Facilities in Focus – Borrower/Deal ALL Series V Indenture, dated October 3, 2009. DEPFA10109746 – DEPFA10109747; Park Ex. 8 | 10/03/2009 | ALL, BNY, Lloyds | ** |
| 132 | Depfa report regarding Critical Facilities – ALL Series V Indenture (Watchlist), dated October 8, 2009.  DEPFA0004922 – DEPFA0004923; Park Ex. 9 | 10/08/2009 | ALL, Lloyds | ** |
| 133 | Email from Michael Grace to Martha Peterson regarding Series V Recycling Suspension Analysis 10.28.09.xlsx attached.  ALL0016988-98 | 10/28/2009 | DEPFA | * |
| 134 | Email chain between Michael Grace and Cherry McCarrell regarding Series V Recycling Suspension Analysis 10.28.09.xlsx attached.  ALL0017120-36 | 10/28/2009 | DEPFA | * |
| 135 | Direction dated October 29, 2009 for Partial Redemption of ALL Senior Series V-A-1, V-A-2, V-A-3, V-A-4 and V-A-5 Bonds on November 5, 2009. BNY0007528 – BNY0007529; Peterson Ex. 17 | 10/29/2009 | ALL, BNY, DEPFA, Lloyds | ** |
| 136 | Email Chain between David Park and Martha Peterson regarding Optional Redemption for November (Series V). ALL0017398-401 | 11/19/2009 | DEPFA | * |
| 137 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust. BNY0052027 | 11/20/2009 | DEPFA | * |
| 138 | Thea Watkins' Handwritten Notes from Meeting with DEPFA. LB016307-311; Watkins Ex. 14 | 11/24/2009 | ALL, DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 139 | Email chain among Quentin Wilson, Nancy Henderson, Michael Grace, and Cherry McCarrell regarding Series V Redemption.  DEPFA0015931-32 | 12/01/2009 | DEPFA | * |
| 140 | Thea Watkins' Handwritten Notes. LB016468-527; Watkins Ex. 17 | 12/02/2009 | ALL, DEPFA | * |
| 141 | Email from N. Henderson to Q. Wilson and T. Watkins dated 12/3/09 regarding Summary of our Discussions. DEPFA11119; Henderson Ex. 6 | 12/03/2009 | ALL, BNY, DEPFA | ** |
| 142 | Intentionally left blank | | | N/A |
| 143 | Meeting of the DEPFA Board Management 12/4/09 -- Risk Management in DEPFA.  DEPFA05440-70; Henderson Ex. 10 | 12/04/2009 | ALL | ** |
| 144 | Amy Vespasiano's Handwritten notes on "call with ALL, 14 December". LB016138-52; Watkins Ex. 21 | 12/14/2009 | ALL, DEPFA | |
| 145 | Handwritten notes.  LB017950-18032; Watkins Ex. 18 | 01/08/2010 | ALL | |
| 146 | Email from Henderson to Holtwick dated 2/10/10.  DEPFA15160-61; Henderson Ex. 9 | 02/10/2010 | ALL | * |
| 147 | Letter from Michelle White to Martha Peterson, dated March 1, 2010. LB020112 – LB020113. | 03/01/2010 | Lloyds | * |
| 148 | Handwritten Notes.  LB016697-715; Watkins Ex. 22 | 03/03/2010 | ALL | |
| 149 | Email dated 3/19/10 from Wilson to White.  ALL0017623-25; Watkins Ex. 24 | 03/19/2010 | ALL | * |
| 150 | Verified Petition for Order of Rehabilitation [without exhibits thereto] *In the Matter of the Rehabilitation of: Segregated Account of Ambac Assurance Corporation*, No. 10 CV 1576 (Wis. Cir. Ct. Dane County) | 03/24/2010 | DEPFA, Lloyds | * |
| 151 | Order of Temporary Injunctive Relief dated March 24, 2010, *In the Matter of the Rehabilitation of:  Segregated Account of Ambac Assurance Corp*., No. 10 CV 1576 (Wis. Ct. Cir. Dane County) | 03/24/2010 | DEPFA, Lloyds | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 152 | Email from Holtwick to Henderson, et al. dated 3/30/10.  DEPFA15158-59; Henderson Ex. 8 | 03/30/2010 | ALL | * |
| 153 | Email from Hancock to Roemlein, dated March 30, 2010.  ALL0012005; Roemlein Ex. 3 | 03/30/2010 | ALL | * |
| 154 | Email dated March 31, 2010, from K. Ellison to M. Peterson, Q. Wilson, B. Wade, C. Taveras, D. Park, D. Swaby and M. White re All Student Loan - Student Loan Revenue Bonds-Series V. DEPFA0011470 | 03/31/2010 | BNY | * |
| 155 | BNY Account Statement for 4/1/10 to 4/30/10.  ALL004920-23; Roemlein Ex. 10 | 04/01/2010 | ALL | * |
| 156 | Letter from Richard Rosen to Kathleen Ellison regarding Further Redemption Payments, dated April 6, 2010. DEPFA0011481-85; Peterson Ex. 28 | 04/06/2010 | ALL, BNY, DEPFA | * |
| 157 | Letter dated April 16, 2010, from J. Chappelle to K. Ellison re ALL Student Loan - Student Loan Revenue Bonds Series V. DEPFA0011507-08 | 04/16/2010 | ALL, BNY | * |
| 158 | Letter dated 4/21/10 to R. Rosen from K. Ellison.  DEPFA10001409; Roemlein Ex. 6 | 04/21/2010 | ALL, BNY | * |
| 159 | Letter dated April 21, 2010, from K. Ellison to J. Chappelle.  DEPFA0011829 | 04/21/2010 | BNY | * |
| 160 | Email Chain between Michael Grace and Martha Peterson regarding Series V, with Series V Recycling Suspension Analysis attached, dated April 21, 2010. ALL0017162-181; Peterson Ex. 23 | 04/21/2010 | ALL, BNY, DEPFA | * |
| 161 | Letter dated April 22, 2010, from D. Barres to R. Rosen regarding ALL Student Loan Program Revenue Bonds, Series V.  DEPFA10001425-26 | 04/22/2010 | BNY, Lloyds | * |
| 162 | Email chain between Michael Grace and Martha Peterson regarding Series V Recycling Suspension Analysis 04.30.10.xlsx attached.  ALL0017182-200 | 04/30/2010 | DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 163 | Letter dated May 10, 2010, from R. Rosen to D. Barres regarding ALL Student Loan Program Revenue Bonds, Series V. LB016620-22 | 05/10/2010 | BNY | * |
| 164 | Email from Martha Peterson to Quentin Wilson and Seamus O'Neill regarding Series V Cash Redemptions, with Allocation of Series V Available Cash to Redemptions attached, dated May 19, 2010.  ALL0008666-67; Peterson Ex. 25 | 05/19/2010 | ALL, DEPFA | * |
| 165 | BNY Account Statement for 6/1/10 to 6/20/10.  BNY0000891-909; Roemlien Ex. 13 | 06/01/2010 | ALL | ** |
| 166 | Direction from ALL to BNY Mellon dated June 9, 2010. ALL0017208; Peterson Ex. 31 | 06/09/2010 | ALL, BNY, Lloyds | ** |
| 167 | Bond Purchase Agreement dated August 1, 2006, ALL0001334-1351 | 08/01/2006 | JPMC | ** |
| 168 | Email from Peterson to Roemlein. BNY0016546-51; Roemlein Ex. 5 | 06/09/2010 | ALL | * |
| 169 | Email from Michael Grace to Martha Peterson and Andre Afshar regarding Series V Recycling Suspension Analysis 07.31.10 Attached.  ALL0017227-50 | 07/31/2010 | DEPFA | * |
| 170 | BNY Account Statement for 8/1/10 to 8/31/11.  ALL0005720-23; Roemlien Ex. 11 | 08/01/2010 | ALL | ** |
| 171 | Email dated August 2, 2010 from Michael Grace to Martha Peterson regarding Series V Cashflow Analysis, with attached Series V Cash Flow Analyses dated September 2008 through July 31, 2010; Baliban Ex. 2 | 08/02/2010 | BNY, Lloyds | ** |
| 172 | Email Correspondence from Martha Peterson of ALL Student Loan Corporation regarding summary of Series V indenture payments dated August 23, 2010; Peterson Ex. 8 | 08/23/2010 | ALL, BNY, DEPFA, JPMChase | ** |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 173 | Stipulated Resolution of DEPFA Bank plc's Second Motion (with Proposed Order) entered on August 27, 2010, *In the Matter of the Rehabilitation of Ambac Assurance Corp.*, No. 10 CV 1576 (Wis. Cir. Ct. Dane County) | 08/27/2010 | DEPFA, Lloyds | * |
| 174 | Letter from David Barres, Esq. to Judith Archer, Kathleen Ellison, and Dean Waldt regarding Events of Default, dated August 31, 2010.  DEPFA10109692 – DEPFA10109695 | 08/31/2010 | Lloyds | * |
| 175 | Direction Letter from ALL to The Bank of New York-Global Corporate Trust.  BNY0053060 | 09/09/2010 | DEPFA | * |
| 176 | Depfa's Responses and Objections to Lloyds TSB Bank  PLC's Interrogatories, dated October 21, 2010 | 10/21/2010 | Lloyds | ** |
| 177 | Email string between White, Wilson, Peterson, and O'Neill (cc:  Watkins, Vespasiano) dated January 5, 2011.  Peterson Ex. 9 | 01/05/2011 | ALL | * |
| 178 | ALL's Responses to Lloyds TSB Bank's Request for Interrogatories, dated January 26, 2011; Peterson Ex. 7 | 01/26/2011 | ALL, DEPFA, JPMChase, Lloyds | ** |
| 179 | Enlarged Copy of Exhibit C to Access to Loans for Learning Student Loan Corporation's Responses to Lloyds TSB Bank's Requests for Interrogatories.  O'Neill Ex. 3 | 01/26/2011 | ALL, DEPFA | ** |
| 180 | Biography of Elizabeth M. Davis from Kutak Rock website, printed on March 25, 2011; Davis Ex. 2 | 03/25/2011 | BNY, JPMChase | ** |
| 181 | Custodial declaration dated May 16, 2011 with attached Bank of Nova Scotia bid regarding SBPA for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 22, 2006.  ALL0011815 – ALL0011821. | 05/16/2011 | Lloyds | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 182 | Cover Email from Michael Grace with ALL Student Loan Corporation Statement of Fees Feb 2008 through April 2011 Series V Tax Exempt. ALL0019619-20 | 05/24/2011 | DEPFA | * |
| 183 | Custodial declaration dated June 15, 2011 with attached Fortis Bank bid regarding Liquidity Facility for ALL Series V-A-3, V-A-4 and V-A-5 Bonds, dated June 22, 2006.  ALL0011827 – ALL0011830. | 06/15/2011 | Lloyds | * |
| 184 | Email from Mariah Murphy dated July 13, 2011 re ALL Additional Document Production, with attached ALL Statement of Fees, February 2009 through April 2011; Friedland Ex. 2 | 07/13/2011 | BNY, JPMChase, Lloyds | ** |
| 185 | Email from Mariah Murphy regarding ALL Additional Document Production with attachment dated July 26, 2011. ALL19640. | 07/26/2011 | Lloyds | ** |
| 186 | Report of Robert I. Landau dated August 5, 2011.  Landau Ex. 1 | 08/05/2011 | BNY | * |
| 187 | Expert Report of Robert Dean Pope, dated August 5, 2011; Pope Ex. 1 | 08/05/2011 | Lloyds | * |
| 188 | Expert Report of Scott Friedland | 08/05/2011 | DEPFA | * |
| 189 | Expert Report of Joel J. Powers | 08/05/2011 | DEPFA | * |
| 190 | Email dated August 11, 2011 from Quentin Wilson to Thea Watkins re Information request | 08/11/2011 | DEPFA, Lloyds | * |
| 191 | Municipal Securities Rulemaking Board Glossary of Municipal Securities Terms, printed August 20, 2011; Pope Ex. 4 | 08/20/2011 | BNY, JPMChase, Lloyds | ** |
| 192 | Rebuttal Expert Report of Robert Dean Pope, dated August 30, 2011; Pope Ex. 2 | 08/30/2011 | Lloyds | * |
| 193 | Rebuttal Report of Jeffrey L. Baliban dated August 31, 2011.  Baliban Ex. 1 | 08/31/2011 | BNY | * |
| 194 | Rebuttal Report of Steve Thel, dated August 31, 2011.  Thel Ex. 1. | 08/31/2011 | DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 195 | Expert Report of Jack E. Blumenthal, dated August 5, 2011, Updated and Revised as of October 17, 2011 | 10/17/2011 | Lloyds | * |
| 196 | Rebuttal Report of Jack E. Blumenthal, dated August 30, 2011. Blumenthal Ex. 2 | 08/30/2011 | Lloyds | * |
| 197 | Amy Vespasiano's Handwritten Notes. LB016205-209; Watkins Ex. 15 | n.d. | ALL, DEPFA | |
| 198 | Proposal For Restructuring the Series V Indenture, with Michelle White's handwritten notes on ALL meeting. LB018033-35; Watkins Ex. 16 | n.d. | ALL, DEPFA | |
| 199 | Michelle White's Handwritten Notes. LB018093-94; Watkins Ex. 20 | n.d. | ALL, DEPFA | |
| 200 | Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds - Series V, Collateral Coverage Calculation as of: September 30, 2005, December 31, 2006, March 31, 2007, September 30, 2007, December 31, 2007, February 29, 2008, March 31, 2008, May 31, 2008, June 30, 2008, July 31, 2008, September 30, 2008, December 31, 2008, January 31, 2009, March 31, 2009, June 30, 2009, August 31, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, August 31, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011 | Range | DEPFA | * |
| 201 | Access to Loans for Learning Student Loan Corporation Student Loan Program Revenue Bonds - Series V, Portfolio Characteristics as of: May 31, 2005, December 31, 2005, May 31, 2006, March 31, 2007, June 30, 2007, September 30, 2007, December 31, 2007, January 31, 2008, February 29, 2008, March 31, 2008, May 31, 2008, June 30, 2008, July 31, 2008; September 30, 2008, December 31, 2008, March 31, 2009, May 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, August 31, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011. | Range | DEPFA | * |
| 202 | Account Statements for ALL Series V Account No. 423815: March 2008; April 2008; May 2008; June 2008; July 2008; August 2008; September 2008 | Range | Lloyds | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 203 | Requisitions from ALL to BNY: No. 50-5210, dated May 1, 2008, No. 50-5222, dated May 9, 2008, No. 50-5230 dated May 16, 2008, No. 50-5231 dated May 16, 2008, No. 50-5309 dated July 31, 2008,  No. 50-5317 dated August 14, 2008, No. 50-5326 dated August 21, 2008, No. 50-5335 dated August 28, 2008, No. 50-5350 dated September 26, 2008.  Note:  This exhibit is incomplete, pending supplemental document production from ALL, and production of bates-numbered copies. | Range | Lloyds | * |
| 204 | Requisitions from ALL to BNY: No. 50-5288, dated July 10, 2008, No. 50-5353, dated October 3, 2008, No. 50-5365, dated November 4, 2008, No. 50-5375, dated December 1, 2008, No. 50-5384, dated January 2, 2009, No. 50-5395, dated February 3, 2009, No. 50-5403, dated March 3, 2009, No. 50-5414, dated April 1, 2009, No. 50-5424, dated May 4, 2009, No. 50-5433, dated June 2, 2009, No. 50-5443, dated July 1, 2009, No. 50-5456, dated August 3, 2009, No. 50-5468, dated September 1, 2009, No. 50-5484, dated October 1, 2009, No. 50-5492, dated November 3, 2009, No. 50-5502, dated December 1, 2009, No. 50-5512, dated January 5, 2010, No. 50-5520, dated February 1, 2010, No. 50-5529, dated March 1, 2010, No. 50-5541, dated March 31, 2010, No. 50-5550, dated May 4, 2010, No. 50-5560, dated June 2, 2010, No. 50-5574, dated July 2, 2010, No. 50-5589, dated August 3, 2010, No. 50-5604, dated September 1, 2010. | Range | Lloyds | * |
| 205 | Account Statements for ALL Series V Account No. 423817 for: October 2010; November 2010; December 2010; January 2011; February 2011; March 2011; April 2011; May 2011; June 2011; July 2011; August 2011 | Range | Lloyds | * |
| 206 | ALL Series V Revenue Account - Monthly Statements for May 2008 to August 2011 | Range | DEPFA | * |
| 207 | ALL Series V Payment Account – Monthly Statements for May 2008 to August 2011 | Range | DEPFA | * |
| 208 | ALL Series V Operating Account – Monthly Statements for May 2008 to August 2011 | Range | DEPFA | * |
| 209 | ALL Series V Reserve Account – Monthly Statements for May 2008 to August 2011 | Range | DEPFA | * |

| TRIAL EX. | DESCRIPTION | DATE | OFFERED BY | OBJECTION |
|---|---|---|---|---|
| 210 | ALL Series V Rebate Account – Monthly Statements for May 2008 to April 2011, July 2011 to August 2011 | Range | DEPFA | * |
| 211 | ALL Series V Loan Account - Monthly Statements for May 2008 to August 2011 | Range | DEPFA | * |
| 212 | ALL Series V Liquidity Account - Monthly  Statements for May 2008 to August 2011 | Range | DEPFA | * |
| 213 | ALL Series V Remarketing Account - Monthly Statements for May 2008, June 2008, February 2009 to September 2010, May 2011 to August 2011 | Range | DEPFA | * |
| 214 | ALL Series V Non-Pledged Account - Monthly Statements for May 2008, February 2009 to August 2010 | Range | DEPFA | * |
| 215 | ALL Series V Interest Sub Account - Monthly Statements for June 2010 to August 2011 | Range | DEPFA | * |
| 216 | ALL Series V Redemption Sub Account - Monthly Statements for June 2010 to August 2011 | Range | DEPFA | * |
| 217 | Decision and Final Order Confirming the Rehabilitator's Plan of Rehabilitation, *In the Matter of the Segregated Account of Ambac Assur. Corp.,* No. 10 CV 1576 (Wis. Cir. Ct. Dane County Jan. 24, 2011). | 01/24/2011 | DEPFA | * |

## X.      DAMAGES AND OTHER RELIEF SOUGHT

### A.      BNY Mellon

BNY Mellon commenced this case as an interpleader action.  It is not seeking any damages.  It is seeking declaratory relief as set forth in Section III.A and to be released from this case once funds are paid into the Court.  BNY Mellon also seeks its costs and attorneys' fees to which it is entitled under the express terms of the Indenture.

**B.     Depfa**

The relief that Depfa seeks depends, in part, on whether the Court determines that Depfa's prior written consent was required for ALL and JPM Chase to enter into the Second Supplemental Indenture and Lloyds Liquidity Facility.

If the Court determines that Depfa's prior written consent to the Second Supplemental Indenture and Lloyds Liquidity Facility was required, Depfa seeks the following relief and damages:   **(1)** A declaration that that there has been an Event of Default under the Depfa Liquidity Facility since August 2, 2006 by reason of ALL's failure to obtain Depfa's consent. **(2)** A declaration that all amounts payable under the Depfa Liquidity Facility (other than principal and interest on Depfa's bonds) became immediately due and payable on and after August 2, 2006 because of such Event of Default.   **(3)** A declaration that no further mandatory or optional redemptions may be made under the unauthorized Lloyds Liquidity Facility or Second Supplemental Indenture until Depfa's bonds are redeemed in full.   **(4)**   A declaration that Depfa will retain all rights afforded to a majority bond holder under the Indenture until Depfa's bonds are redeemed in full, as would have been the case if the unauthorized Lloyds transaction had not occurred.   **(5)** An award of damages against BNY Mellon and JPM Chase, jointly and severally, in the amount of the redemption payments improperly made to Lloyds (namely, $24,050,000); provided that, Depfa shall surrender ALL Series V bonds in a principal amount of $24,050,000 to ALL or the Trustee upon full payment of judgment.   **(6)** A dismissal with prejudice of JPM Chase's third-party crossclaim against ALL for indemnification pursuant to Section 10.5(c) of the Indenture.

Alternatively, if this Court determines that Depfa's prior written consent was not required for the Second Supplemental Indenture and Lloyds Liquidity and that Lloyds' bonds were issued on a parity with Depfa's bonds, then Depfa seeks the following declaratory and injunctive relief:

**(1)** A declaration that, in accordance with parity, any future mandatory or optional redemptions paid by the ALL or the Trustee should be allocated between the Depfa bonds and Lloyds bonds on a pro rata basis, according to their respective total outstanding principal amounts, *i.e.*, 51.3% to the Depfa and 48.7% to Lloyds.  **(2)** A declaration that if a sum is available for making a mandatory redemption on a date that is a mandatory redemption date for Depfa but not for Lloyds, then 51.3% of such sum should be paid on such date to Depfa and 48.7% should be reserved for payment to Lloyds on Lloyds' next occurring mandatory redemption date. **(3)** A declaration that if a sum is available for making a mandatory redemption on a date that is a mandatory redemption date for Lloyds but not for Depfa, then 48.7% of such sum should be paid on such date to Lloyds and 51.3% should be reserved for payment to Depfa on Depfa's next occurring Mandatory Redemption date.  **(4)** An direction to ALL and BNY Mellon, as Trustee, to effect an optional redemption as soon as practicable from all available amounts in the Trust's Loan Account, to be allocated between Depfa and Lloyds in a manner consistent with the foregoing.

In addition, Depfa also seeks relief and damages that are not dependent on the Court's determinations concerning Depfa's consent right or parity, namely:  **(1)** A declaration that there has been an Event of Default under the Depfa Liquidity Facility since September 14, 2009 by reason of ALL's uncured failure, after 60 days' written notice, to make mandatory redemptions as required by the Depfa Liquidity Facility.  **(2)** A declaration that all amounts payable to Depfa under the Depfa Liquidity Facility (other than bond principal and interest) became immediately due and payable on and after September 14, 2009 by reason of such Event of Default.  **(3)** A declaration that there has been an Event of Default under the Depfa Liquidity Facility since October 30, 2010 by reason of ALL's uncured failure, after 60 days' written notice, to provide an

accounting to Depfa as required by the Depfa Liquidity Facility.  **(4)** A declaration that all amounts payable to Depfa under the Depfa Liquidity Facility (other than bond principal and interest) became immediately due and payable on and after October 30, 2010 by reason of such Event of Default.  **(5)** A direction to ALL to provide the requested accounting.  **(6)** An award of damages against ALL equal to all unpaid amounts payable under the Depfa Liquidity Facility, which total not less than $505,187.42.  **(7)** A declaration that, under the terms of the Depfa Liquidity Facility, Depfa is entitled to indemnification by ALL of all costs, counsel fees and other expenses incurred by Depfa in this action, in an amount to be determined upon a post-judgment motion by Depfa under Federal Rule of Civil Procedure 54(d)(2).

### C.     Lloyds

Lloyds seeks money damages and/or distribution of the stake in the following amounts, based on Scenario 1 in the Expert Report of Jack E. Blumenthal (Trial Ex. 195):

(1)        Payment by ALL from the trust of all principal and interest owed to date, which is $41,273,337 as of August 31, 2011 (the date of the most recently available trust account statements).   Scenario 1 is the base case that assumes that the available funds in both the Revenue Account and Loan Account must be used for mandatory redemptions under Section 3.02 of the SPBA's.  (Trial Ex. 195, pp. CDM00004-5.)  Mr. Blumenthal used the monthly trust account statements to reconstruct the cash flows in and out of the trust, on a daily and monthly basis, to determine the amount available to pay principal on each of Lloyds' and Depfa's mandatory redemption dates, after accounting for the interest and expense payments required under Section 5.3(B)(1)-(5) of the Indenture.

(2)        $2,007,872 in damages for overpayment of bond interest as of August 31, 2011, which resulted from improper redemption payments, to be paid by BNY or, alternatively,

by ALL out of the trust.  Mr. Blumenthal calculated this amount by subtracting the interest that should have been paid from the amount actually paid.  His report shows this amount as a reduction of the total owed to Lloyds.  (Trial Ex. 195, p. CDM00020.)  Lloyds, however, is entitled to keep this interest because its bonds were redeemed later than required by its SBPA, and because the overpayment of interest reduced the funds that would have otherwise been available to redeem Lloyds' bonds.

(3)      $1,487,677 in damages for overpayment of ALL's administrative fees as of August 31, 2011, to be paid by BNY or, alternatively, by ALL out of the trust.  After the Bank Purchase Dates, ALL was entitled to collect an administrative fee of only 30 basis points of the outstanding loans in the trust.  Based on Mr. Blumenthal's calculations, there would have to be nearly $500,000,000 of loans outstanding (when, in fact, there was never more than $380,000,000) for the fees paid to ALL to equal 30 rather than 50 basis points.  (Trial Ex. 195, p. CDM00045.)  As computed by Mr. Blumenthal, ALL received 50 basis points of fees and therefore was overpaid a total of $1,850,344.  In his report, Mr. Blumenthal computed that 80.4% of all principal should have been paid to Lloyds, and 19.6% to Depfa.  Using these percentages to allocate between Lloyds and Depfa (*i.e.*, to determine the amount made unavailable for redemption of each bank's bonds by the overpayment of fees), Lloyds should be paid $1,487,677 as damages.

(4)      $2,768,790 in damages for failure to timely suspend loan recycling, to be paid by ALL out of the trust.  In March 2008, one month after the first Bank Purchase Date, ALL was required to suspend loan recycling.  However, ALL did not suspend recycling until September 2008.  If ALL had timely suspended loan recycling, Lloyds would have received

$2,768,790 in additional principal on its mandatory redemption dates through September 2008, as computed by Mr. Blumenthal.  (*Id.* at CDM00044.)

(5)           Disgorgement by BNY into the trust of all legal fees and expenses incurred by BNY, and which have been paid out of the trust, for defense of the claims against it arising out of its improper redemption payments.  This amount is at least $436,147, based on the trust account statements analyzed in Mr. Blumenthal's report.  (*Id.* at  CDM00243-50.)

Lloyds seeks a total judgment of $47,973,823, of which BNY is liable for $3,931,696 plus prejudgment interest.  Lloyds is also contractually entitled to indemnification of its attorneys' fees and other litigation expenses under Section 8.05(a)-(b) of the Lloyds SBPA.

Out of caution, in case the Court concludes that only the available funds in the Revenue Account (and not the Loan Account) must be used for mandatory redemptions under Section 3.02 of the SBPA's, Lloyds had Mr. Blumenthal compute the amounts owed to each bank under an alternative case, Scenario 2.  In this scenario, Loan Account funds must be used for special redemptions under Section 3.8(ii) of the Indenture, which gives ALL discretion as to the date and the allocation among bondholders.  In this scenario, only special redemptions were made because there were no funds available in the Revenue Account for mandatory redemptions after accounting for the interest and expenses due under Section 5.3(B)(1)-(5) of the Indenture. Scenario 2 therefore assumes that ALL's redemption dates through November 5, 2009 were permitted, and that ALL would have continued to specially redeem bonds in the same ratio (61.67% to Lloyds, 38.33% to Depfa) and frequency as it did through November 5, 2009.  (*Id.* at CDM00016 – CMD00017.)  Otherwise, all computation methods are the same under Scenario 2 as for Scenario 1.

If the Court applies Scenario 2, then Lloyds seeks (1) $25,390,586 for principal and interest owed; (2) $803,651 for overpayment of bond interest; (3) $1,139,812 for overpayment of ALL's administrative fees; (4) $1,755,763 for improper loan recycling; and (5) $436,147 for disgorgement into the trust of BNY's legal fees paid out of the trust.  The total judgment then would be $29,089,812, of which BNY is liable for $2,379,610, plus prejudgment interest and indemnification for attorneys' fees and other litigation expenses.

Lloyds also seeks a declaratory judgment that it is owed all principal and interest due on its bonds through the present, and onward into the future, in accordance with the quarterly schedule in Section 3.02 of its SBPA, and paid from all available Revenues and Recoveries of Principal.

### D.    ALL

ALL submits that any damages sought in this action are expressly limited pursuant to the nonrecourse provisions set forth in the Indenture and the Standby Bond Purchase Agreements executed by Depfa and Lloyds, respectively.

ALL seeks declaratory relief as set forth above in section II. D.  In addition, ALL seeks a judgment from the court dismissing the claims against ALL asserted by Depfa, Lloyds and JPM Chase with prejudice, and for fees and costs as the court deems just and equitable.

### E.    JPM Chase

JPM Chase does not seek damages, but does seek indemnification from ALL for (1) any liability and damages awarded against JPM Chase on Depfa's third-party claim, and (2) JPM Chase's expenses (including attorneys' fees) incurred in this action.  By agreement of the parties, and subject to approval of the Court, computation of, and supporting evidence for, attorneys' fees and litigation expenses will be submitted to the Court in post-trial proceedings.

Dated:         October 31, 2011
               New York, New York

The Bank of New York Mellon Trust            DEPFA BANK plc
Company, N.A.


By: ___/s/ Judith A. Archer_____    By: ___/s/ Scott M. Berman _____
        Judith A. Archer, Esq.                        Scott M. Berman, Esq.
        Fulbright & Jaworski, LLP                     Friedman Kaplan Seiler & Adelman LLP
        666 Fifth Avenue                              7 Times Square
        New York, NY 10103                            New York, N. Y. 10036-6516
        Tel.:  212.318.3000                           Tel.: 212.833.1120
        Fax:  212.318.3400                            Fax: 212.373.7920


Lloyds TSB Bank plc                          Access to Loans for Learning Student Loan
                                             Corporation


By: ___/s/ David L. Barres_____     By: ___/s/ Dean C. Waldt_____
        David L. Barres, Esq.                         Dean C. Waldt, Esq.
        Mintz, Levin, Cohn, Ferris, Glovsky           Ballard Spahr LLP
        and Popeo, P.C.                               1 East Washington Street
        666 Third Avenue                              Suite 2300
        New York, NY 10017                            Phoenix, AZ  85004-2555
        Tel.:  212.935.3000                           Tel.: 602.798.5480
        Fax:  212.983.3115                            Fax: 602.798.5595


JPMorgan Chase Bank, N.A.


By: ___/s/ James J. Coster_____
        James J. Coster, Esq.
        Satterlee Stephens Burke & Burke LLP
        230 Park Avenue, Suite 1130
        New York, New York 10169
        Tel.:  (212) 404-8700
        Fax:  (212) 818-9606