UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.,

               Plaintiff,

      v.

DEPFA BANK PLC and LLOYDS TSB
BANK PLC,

               Defendants.

---

DEPFA BANK PLC,

               Third-Party Plaintiff,

      v.

ACCESS TO LOANS FOR LEARNING
STUDENT LOAN CORPORATION and
JPMORGAN CHASE BANK, N.A.,

               Third-Party Defendants.

---

LLOYDS TSB BANK PLC,

               Third-Party Plaintiff,

      v.

ACCESS TO LOANS FOR LEARNING
STUDENT LOAN CORPORATION,

               Third-Party Defendant.

---

No. 10 CV 4424 (JPO) (AJP)

**MEMORANDUM OF LAW OF
LLOYDS TSB BANK PLC IN
SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE
OF UTAH TRANSACTION,
INCLUDING TRIAL EXHIBIT 21**

Robert I. Bodian
David L. Barres
Omar A. Khondker
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue, 25th Floor
New York, New York 10017
(212) 935-3000
*Attorneys for Lloyds TSB Bank plc*

# TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................... ii

Preliminary Statement ............................................................................................. 1

Factual Background ................................................................................................. 2

Argument ................................................................................................................. 4

1.  The Utah Transaction Is Irrelevant Because It Had No Impact on the Parties'
    Negotiation of the Depfa SBPA ..................................................................... 5

2.  The Utah Transaction Is Irrelevant Because a Contract Between One Set
    of Parties Cannot Be Used to Interpret a Contract Between a Different
    Set of Parties. .................................................................................................. 7

3.  The Utah Transaction Is Irrelevant to Prove Industry Custom and Usage. ...... 8

4.  Evidence of the Utah Transaction Is Inadmissible to Prove the
    Existence of an Ambiguity in Section 5.03(a) of the Depfa SBPA. ................ 9

Conclusion ............................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*British Int'l Ins. Co.* v. *Seguros La Republica, S.A.*,
   342 F.3d 78 (2d Cir. 2003) ......................................................................................8

*Christiania Gen. Ins. Corp. of N.Y.* v. *Great Am. Ins. Co.*,
   979 F.2d 268 (2d Cir. 1992).....................................................................................8

*Eternity Global Master Fund Ltd.* v. *Morgan Guar. Trust Co. of N.Y.*,
   375 F.3d 168 (2d Cir. 2004).....................................................................................5

*JA Apparel Corp.* v. *Abboud*,
   568 F.3d 390 (2d Cir. 2009).....................................................................................9

*Kass* v. *Kass*,
   91 N.Y.2d 554, 673 N.Y.S.2d 350 (1998) ...............................................................9

*Nat'l Utility Serv., Inc.* v. *Huntsman Chem. Corp.*,
   70 F. Supp. 2d 496 (D.N.J. 1999) ...........................................................................8

*New Moon Shipping Co.* v. *MAN B & W Diesel AG*,
   121 F.3d 24 (2d Cir. 1997).......................................................................................6

*Rotuba Extruders, Inc.* v. *Ceppos*,
   46 N.Y.2d 223, 230-231, 385 N.E.2d 1068, 413 N.Y.S.2d 141 (1978) ...................8

*Shelby County State Bank* v. *Van Diest Supply Co.*,
   303 F.3d 832 (7th Cir. 2002).....................................................................................7

*Sims v. Great Am. Life Ins. Co.*,
   469 F.3d 870 (10th Cir. 2006)...................................................................................5

*This Is Me, Inc.* v. *Taylor*,
   157 F.3d 139 (2d Cir. 1998)......................................................................................5

*Travellers Int'l AG v. Trans World Airlines, Inc.*,
   722 F. Supp. 1087 (S.D.N.Y. 1989).........................................................................7

*Wilson Sullivan Co. v. Int'l Paper Makers Realty Corp.*,
   307 N.Y. 20, 119 N.E.2d 573 (1954).......................................................................5

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990) ...............................................................5

**Page(s)**

**Statutes and Rules**

Fed. R. Civ. P. 30(b)(6)................................................................................................... 7

Fed. R. Evid. 401 ....................................................................................................... 1,4

Fed. R. Evid. 402 ....................................................................................................... 1,4

## **Preliminary Statement**

Lloyds TSB Bank plc ("Lloyds") respectfully submits this memorandum of law and the Declaration of Omar A. Khondker in support of its motion *in limine*, under Federal Rules of Evidence 401 and 402 and principles of New York contract law, to exclude evidence of a transaction between DEPFA BANK plc ("Depfa") and the State Board of Regents of the State of Utah ("Utah"), including Trial Exhibit 21 (Davis Deposition Exhibit 9). Plaintiff The Bank of New York Mellon Trust Company, N.A. ("BNY Mellon") and third-party defendants JPMorgan Chase Bank, N.A. ("JPMC") and Access to Loans for Learning Student Loan Corporation ("ALL" or the "Issuer") join this motion.

In this action, Depfa claims that ALL breached Section 5.03(a) of Depfa's standby bond purchase agreement ("SBPA") by entering into the Second Supplemental Indenture and the Lloyds SBPA without Depfa's consent. At trial, it is anticipated that Depfa will offer Trial Exhibit 21, a blackline comparison of the Depfa SBPA and an SBPA from the Utah transaction (the "Utah SBPA"). We expect that Depfa will argue that the inclusion of certain language in the Utah SBPA, and the absence of such language from the Depfa SBPA, is evidence of the parties' intent in Section 5.03(a) the Depfa SBPA.

Trial Exhibit 21, as well as any other evidence of the Utah transaction, is irrelevant because it concerns a contract between Depfa and Utah rather than a contract between Depfa and ALL. There is no evidence that ALL ever saw the consent provisions of the Utah SBPA, or that those provisions played any role in the negotiation of the Depfa SBPA. The Utah transaction, therefore, is irrelevant and inadmissible as a matter of law.

**Factual Background**

In 2005, ALL selected Depfa to be the standby purchaser for its Series V-A-1 and

V-A-2 Bonds.  (Stipulations ¶ 14.)  On August 1, 2005, ALL, JPMorgan Bank, N.A., as Trustee

("JPMC"), and Depfa entered into the Depfa SBPA.  It provided:

> **Section 5.03.  Negative Covenants.**  During the Bank Purchase Period, and so long as any obligation is owed to the Bank hereunder, the Issuer shall not:
>
> (a)    **Amendments.**  Amend, modify, terminate or grant, or permit the amendment, modification, termination or grant of, any waiver under, or consent to, or permit or suffer to occur any action or omission which results in, or is equivalent to, an amendment, modification, or grant of a waiver under, the Policy or the Indenture without the prior written consent of the Bank. Furthermore, the Issuer shall provide a copy of any amendment to the Series V-A-1 Remarketing Agreement or the Series V-A-2 Remarketing Agreement prior to the effectiveness thereof.  (Trial Ex. 4, § 5.03(a).)

Elizabeth Davis of Kutak Rock LLP represented Depfa in the transaction and drafted the Depfa

SBPA.  (Davis Dep. at 23:15-24:9.)[1]

In 2006, ALL selected Lloyds to be the standby bond purchased for its Series V-

A-3, V-A-4, and V-A-5 Bonds.  (Stipulations ¶ 19.)  The Lloyds SBPA provides for faster

redemption of Bank Bonds than the Depfa SBPA.  (See Trial Exs. 4-5, § 3.02).  Depfa now

claims that the Second Supplemental Indenture (which issued the additional bonds) and the

Lloyds SBPA were an "amendment" or "modification" of the Indenture under Section 5.03(a) of

the Depfa SBPA.

In the Utah Transaction, Depfa entered into an SBPA with the State of Utah and

Wells Fargo Bank, National Association ("Wells Fargo"), as trustee.  (Trial Ex. 21.)  At trial,

---

[1]    The transcript pages of all deposition testimony cited in this memorandum are attached as exhibits to the Declaration of Omar A. Khondker.  All cited trial exhibits are located in the set of Trial Exhibit Binders that the parties submitted to the Court.

Depfa is expected to offer Trial Exhibit 21, a blackline comparison of the Depfa SBPA and Utah

SPBA.  It contains the following provision:

> **Section 5.03.  ~~Section 5.02.~~ Negative Covenants**. ~~The Board~~<u>During the Bank Purchase Period, and so long as any obligation is owed to the Bank hereunder, the Issuer</u> shall not:
>
> > (a)    ***Amendments.***  Amend, modify, terminate or grant, or permit the amendment, modification, termination or grant of, any waiver under, or consent to, or permit or suffer to occur any action or omission which results in, or is equivalent to, an amendment, modification, or grant of a waiver under, the Policy or any Related Document without the prior written consent of the Bank~~, except the amendments relating to the issuance from time to time of additional bonds under the Indenture or other amendments which do not affect the Policy, the terms of the Bonds or the obligations of the Bank hereunder.~~.  (Trial Ex. 21.)

Depfa apparently will argue that the Utah SBPA was a template for the Depfa SBPA, and

that Ms. Davis intentionally omitted the crossed-out language in the Utah SBPA in order

to broaden Depfa's consent rights in Section 5.03 (a) of the Depfa SBPA.  But Ms.

Davis' contemporary emails, and her deposition testimony, show the opposite.

On May 18, 2005 at 11:12 A.M., Ms. Davis emailed the initial draft of the Depfa

SBPA to ALL, JPMC, and Ambac Assurance Company ("Ambac"), the insurer of the bonds.

(Trial Ex. 19.)  A few minutes later, at 11:17 A.M., Richard Marsh of Ambac sent a responsive

email requesting a blackline comparing the draft Depfa SBPA to the SBPA in a North Texas

transaction that Depfa and Ambac were involved in.  (Trial Ex. 20 at KR-DEPFA0003497-KR-

DEPFA0003498; Davis Dep. 149:2-150:5.)  Mr. Marsh wanted to review the provisions

governing the amortization of Bank Bonds, and did not express any interest in the bank's consent

provision.  (*See* Trial Ex. 20 at KR- DEPFA0003496-KR-DEPFA003497; Davis Dep. at 220:5-

222:4.)  Because Ms. Davis did not have a copy of the North Texas SBPA, she instead offered to

provide a blackline against the Utah SBPA, another transaction in which both Depfa and Ambac were involved.  (Trial Ex. 20 at KR-DEPFA0003497; Davis Dep. at 149:2-150:5.)

A few minutes later, at 11:25 AM, Ms. Davis sent an email to Mr. Marsh and Dwight Kwa, his colleague at Ambac.  Regarding the Utah SBPA, Ms. Davis wrote that "*we did not use that document as a base for this one (that document was sort of Utah-specific)*."  (Trial Ex. 20 at KR-DEPFA0003947, emphasis added.)  Then, at 12:17 PM, she emailed Trial Exhibit 21 to them.  (*Id.* at KR-DEPFA0003495; Trial Ex. 21, cover email.)  As can be seen on the cover email, the document was not transmitted to ALL or JPMC, and it was not transmitted to anybody outside of Ambac.  (Trial Ex. 21, cover email.)

In her deposition, after reviewing her contemporary emails, Ms. Davis confirmed that she did not base the Depfa SBPA on the Utah SPBA.  (Davis Dep. at 217:20-220:4, 233:16-233:22.)  She testified, "I'm sure I didn't."  (*Id.* at 227:7-227:22. )

Depfa's counsel asked Ms. Davis why the Utah SBPA contained the struck language in Trial Exhibit 21.  She answered that it was not Depfa's form, as Depfa was entering an existing rather than new bond issue.  Depfa entered the Utah transaction as a replacement liquidity provider, "[s]o there was already a standby bond purchase agreement in place," and Utah wanted to use its own document which contained that language.  (*Id.* at 150:9-151:25.)  She did not agree that the language was "removed" by the parties to the ALL Series V transaction. (*Id.* at 231:17-231:25.)

## **Argument**

Evidence is relevant if it tends to make the existence of any material fact more or less probable.  Fed. R. Evid. 401.  Evidence which not relevant is not admissible.  Fed. R. Evid.

402. If evidence is irrelevant under substantive principles of state contract law, such as the parol evidence rule, then that evidence is inadmissible under Rules 401 and 402. *See Sims* v. *Great Am. Life Ins. Co.*, 469 F.3d 870, 881 (10th Cir. 2006); *see also id.* at 895 (Hartz, J. concurring and dissenting).

The Depfa SBPA is governed by New York law. (Trial Ex. 4, § 8.02.) Under New York law, "If a contract is ambiguous, extrinsic evidence may be considered to ascertain the correct and intended meaning of a term or terms." *Eternity Global Master Fund Ltd.* v. *Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177-178 (2d Cir. 2004). But extrinsic evidence "as to what was really intended but unstated or misstated is generally inadmissible to add to or vary" an unambiguous contract. *W.W.W. Assocs., Inc.* v. *Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990).

As explained in Lloyds' Pretrial Memorandum of Law, there is no ambiguity in Section 5.03(a) the Depfa SBPA, and the Court should dismiss Depfa's breach-of-contract claims without resort to extrinsic evidence. But even if the Court decides to consider extrinsic evidence, the Utah transaction is irrelevant, inadmissible extrinsic evidence.

1.    **The Utah Transaction Is Irrelevant Because It Had No Impact on the Parties' Negotiation of the Depfa SBPA.**

The purpose of contract interpretation is to give effect to the intent of all parties, but only to the extent they evidenced their intent by what they collectively wrote. *Wilson Sullivan Co.* v. *Int'l Paper Makers Realty Corp.*, 307 N.Y. 20, 25, 119 N.E.2d 573, 875 (1954). If the parties used ambiguous language, then their course of dealing, including drafting history and the parties' relations, is relevant extrinsic evidence of their intent. *See This Is Me, Inc.* v. *Taylor*, 157 F.3d 139, 143 (2d Cir. 1998) (applying New York law, and examining four contracts

between same parties).  However, a "course of dealings analysis does require, of course, an

indication of the common knowledge and understanding of the parties." *New Moon Shipping*

*Co.* v. *MAN B & W Diesel AG*, 121 F.3d 24, 31 (2d Cir. 1997) (applying New York law).

The Utah transaction cannot help prove the common knowledge or the intent of

the parties to the Depfa SBPA because it played no role in its negotiation.  Ms. Davis confirmed

in her contemporaneous email and in her deposition that she did not use the Utah SPBA "as a

base for" the Depfa SBPA, and that the Utah SBPA was "Utah-specific."  (Trial Ex. 20 at KR-

DEPFA0003497; Davis Dep. at 217:20-220:4.)  When asked about the crossed-out language in

Trial Exhibit 21, she explained that the Utah SBPA was already "in place" when Depfa had

entered that deal as a replacement liquidity provider.  (Davis Dep. 150:9-151:25.)  She also

testified that the struck language was not "removed" by the parties to the Depfa SBPA.  Rather,

it was never included in Section 5.03(a) to begin with.  (*Id.* at 217:20-220:4, 231:17-231:25.)

Most importantly, Trial Exhibit 21 was not provided to at least two of the parties

to the Depfa SBPA:  ALL and JPMC.  (*See* Trial Ex. 21, cover email; Trial Ex. 20 at KR-

DEPFA0003495.)  The omission of ALL is critical because ALL, as the Issuer, is the party with

the obligation to disclose any amendments.  (*See* Trial Ex. 4, § 5.03(a).)

Ms. Davis shared Trial Exhibit 21 only with Ambac, which is not a signatory to

the Depfa SBPA.  She generated Trial Exhibit 21 only to assist Ambac's review of provisions

concerning term-out, amortization and default, which had nothing to do with the consent

provisions of Section 5.03(a).  (*See* Trial Ex. 20 at KR-DEPFA0003496-KR-DEPFA0003497;

Davis Dep. at 220:5-222:4.)

Even if, hypothetically, the Utah SBPA had served as a template for the Depfa

SBPA, it still would be irrelevant.  The initial draft of the Depfa SPBA contained only one, slight

reference to Utah: in the "No Usury" provision of Section 4.08. (Trial Ex. 19.) When ALL reviewed the draft, it deleted that reference. (Trial Ex. 23, § 4.08.) The drafts of the Depfa SBPA, however, never contained any of the additional language found in the provision of the Utah SBPA governing the right to consent to amendments. (*See* Trial Exs. 4, 8, 19, 23, § 5.03(a).) Very simply, Trial Exhibit 21 did not bear on the parties' negotiation and drafting history of the Section 5.03(a) of the Depfa SBPA, and therefore is irrelevant and inadmissible.

The irrelevancy of the Utah transaction is confirmed by the deposition testimony of David Park. He was Depfa's Rule 30(b)(6) witness and its chief negotiator of the Depfa SBPA. (Park Dep. at 10:4-10:6, 24:6-25:13.) He testified that, at the time of contracting in 2005, he did not interpret Section 5.03(a) as giving DEPFA the right to consent to the issuance of additional bonds or to subsequent liquidity providers. He did not start interpreting Section 5.03(a) in such an aggressive manner until 2008, after the bonds became Bank Bonds and the parties' troubles began. (*Id.* at 97:2-99:11.) Thus, Trial Exhibit 21 is not even evidence of Depfa's intent. And to be relevant and admissible, it must be evidence of the expressed intent of all parties, which it cannot be, because it was not even seen or considered by all parties.

**2.      The Utah Transaction Is Irrelevant Because a Contract
Between One Set of Parties Cannot Be Used to Interpret
a Contract Between a Different Set of Parties.**

When interpreting an ambiguous contract, prior similar contracts between the *same parties* may be considered. *See, e.g., Travellers Int'l AG* v. *Trans World Airlines, Inc.*, 722 F. Supp. 1087, 1102 (S.D.N.Y. 1989) (multiple contracts between same parties over preceding 13 years were relevant to construing their present contract).

But a prior contract with a different party may not be used to interpret a contract between the parties to the action. *See, e.g., Shelby County State Bank* v. *Van Diest Supply Co.*,

303 F.3d 832, 837 (7th Cir. 2002) ("the course of dealing between principal parties A and B is not

likely to shed light on way that third party C should have understood an agreement"); *Nat'l*

*Utility Serv., Inc.* v. *Huntsman Chem. Corp.*, 70 F. Supp. 2d 496, 510 (D.N.J. 1999) ("Any

agreements with other parties, such as with Fina, is not relevant to the contract between

Huntsman and NUS.").

      Trial Exhibit 21 was a contract between Depfa, the State of Utah, and Wells

Fargo.  (Trial Ex. 32, at KR-DEPFA0004842.)  In contrast, the Depfa SBPA was a contract

between Depfa, ALL, and JPMC.  (Trial Ex. 4, at DEPFA10028992.)  Even if, for the sake of

argument, Utah considered an issuance of additional bonds to be an "amendment," a

commercially sophisticated party like Depfa had no right to assume that ALL's understanding

would be the same as Utah's.  As a matter of law, Trial Exhibit 21 is irrelevant and inadmissible

because it was a different contract between different parties, with a different obligor.

**3.      The Utah Transaction Is Irrelevant to Prove Industry Custom and Usage.**

      Industry custom and trade usage are admissible to resolve ambiguities in a

contract. *Christiania Gen. Ins. Corp. of N.Y.* v. *Great Am. Ins. Co.*, 979 F.2d 268, 274 (2d Cir.

1992).  But the custom or usage must be "so well settled, so uniformly acted upon, and so long

continued as to raise a fair presumption that it was known to both contracting parties and that

they contracted in reference thereto." *British Int'l. Ins. Co.* v. *Seguros La Republica, S.A.*, 342

F.3d 78, 84 (2d Cir. 2003).

      Trial Exhibit 21 is just one contract, which, as a matter of law, is insufficient to

establish a custom or usage. *See Rotuba Extruders, Inc.* v. *Ceppos*, 46 N.Y2d 223, 230-231, 385

N.E.2d 1068, 1071-1072, 413 N.Y.S.2d 141, 145 (1978) (one prior transaction, even though

between the same parties, was insufficient to establish a trade practice or course of dealing).

4.      **Evidence of the Utah Transaction Is Inadmissible to Prove the**
        **Existence of an Ambiguity in Section 5.03(a) of the Depfa SBPA.**

        "Ambiguity is determined by looking within the four corners of the document, not to outside sources." *JA Apparel Corp.* v. *Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (*citing Kass* v. *Kass,* 91 N.Y.2d 554, 566, 673 N.Y.S.2d 350, 356 (1998)).  The evidence of the Utah transaction, including Trial Exhibit 21, falls outside the four corners of the Depfa SBPA.  The evidence therefore is not competent to determine whether an ambiguity exists in Section 5.03(a) of the Depfa SBPA.

**Conclusion**

        For the reasons stated above, the Court should grant this motion to exclude all evidence[2] of the Utah transaction, including Trial Exhibit 21.

Dated: October 31, 2011
        New York, New York

                                MINTZ LEVIN COHN FERRIS
                                GLOVSKY AND POPEO, P.C.

                                By:  _____
                                    Robert I. Bodian
                                    David L. Barres
                                    Omar A. Khondker
                                Chrysler Center
                                666 Third Avenue, 25th Floor
                                New York, New York 10017
                                (212) 935-3000

                                *Attorneys for defendant and third-party*
                                *plaintiff Lloyds TSB Bank plc*

---

[2]    For the sole purpose of rebutting Depfa's evidence concerning the Utah transaction, including Trial Exhibit 21, Lloyds has designated as evidence Ms. Davis' deposition testimony concerning the Utah transaction, and her emails concerning it (Trial Exhibit 20).  If the Court concludes that the Utah transaction is irrelevant, then it should strike all evidence of that transaction, regardless of which party offered it.

9

## CERTIFICATE OF SERVICE

On October 31, 2011, I caused to be served by email a true and accurate copy of the following (except item (3), which is to be served by overnight mail) on the counsel listed below:

1.    Pretrial Memorandum of Law of Defendant and Third-Party Plaintiff Lloyds TSB Bank plc;

2.    Proposed Findings of Fact and Conclusions of Law of Defendant and Third-Party Plaintiff Lloyds TSB Bank plc;

3.    Notice of Motion *in Limine* to Exclude Evidence of Utah Transaction, Including Trial Exhibit 21;

4.    Declaration of Omar A. Khondker in Support of Motion *in Limine*;

5.    Memorandum of Law of Lloyds TSB Bank plc in Support of Motion *in Limine* to Exclude Evidence of Utah Transaction, Including Trial Exhibit 21; and

6.    A binder containing the Deposition Designations and Counter-Designations of Lloyds TSB Bank plc.

Scott M. Berman, Esq.
Eric Seiler, Esq.
Jeffrey C. Fourmaux, Esq.
Alexander D. Levi, Esq.
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
7 Times Square
New York, NY 10036-6516
eseiler@fklaw.com
sberman@fklaw.com
jfourmaux@fklaw.com
alevi@fklaw.com

*Attorneys for defendant*
*DEPFA BANK plc*

Scott R. Kipnis, Esq.
Nicholas B. Malito, Esq.
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, NY  10036
skipnis@hgg.com
nmalito@hgg.com

Dean C. Waldt, Esq.
Mariah Murphy, Esq.
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1163
waldtd@ballardspahr.com
murphym@ballardspahr.com

*Attorneys for third-party defendant Access to*
*Loans for Learning Student Loan*
*Corporation*

James J. Coster, Esq.
Glenn Edwards, Esq.
Walter Saurack, Esq.
SATTERLEE STEPHENS BURKE &
BURKE LLP
230 Park Ave.
New York, NY  10169
jcoster@ssbb.com
gedwards@ssbb.com
wsaurack@ssbb.com

*Attorneys for third-party defendant
JP Morgan Chase Bank, N.A.*

Dated:  October 31, 2011
        New York, New York

Judith A. Archer, Esq.
Sarah E. O'Connell, Esq.
FULBRIGHT & JAWORSKI L.L.P
666 Fifth Ave.
New York, NY  10103-3198
jarcher@fulbright.com
soconnell@fulbright.com

*Attorneys for plaintiff The Bank of New York
Mellon Trust Company, N.A.*

_____
        Omar Khondker

2