UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., <br><br> Plaintiff-Counterclaim Defendant, <br><br> -against- <br><br> DEPFA BANK PLC and LLOYDS TSB BANK PLC, <br><br> Defendants-Counterclaimants. | No. 10 Civ. 4424 (JPO)(AJP) <br><br> ECF FILED |

**THIRD-PARTY DEFENDANT/CROSSCLAIMANT JP MORGAN CHASE BANK, NA'S STATEMENT OF JOINDER IN THE MOTION IN LIMINE OF PLAINTIFF BANK OF NEW YORK MELLON'S MOTION TO PRECLUDE**

Third-party Defendant/Cross-Claimant JP Morgan Chase Bank, NA ("JPMC") hereby joins in the motion (Dkt. #78) of plaintiff Bank of New York Mellon ("BNY Mellon"), dated October 31, 2011, to preclude, pursuant to Fed. R. Civ. P. 37(c), Defendant/Counterclaimant/Third-Party Plaintiff Depfa Bank plc ("Depfa") from offering evidence of damages at the upcoming trial. (BNY Mellon also moves to preclude Defendant/Counterclaimant Lloyds TSB Bank plc ("Lloyds"), but JPMC does not join in that portion of BNY Mellon's motion, as Lloyds has made no claim against JPMC.)

As stated in the BNY Mellon's memorandum of law supporting its motion, Depfa's initial disclosures pursuant to Fed. R. Civ. P. 26(a) were inadequate in that they did not include a computation of damages. Depfa simply lumped together its claims against BNY Mellon, JPMC, and ALL into one "computation" and stated that "the total damages … do not exceed the purchase amount for the entirety of the ALL Series V-A-1 and V-A-2 Bonds ($190,000,000), less optional redemption payments received by DEPFA ($14,950,000)" plus fees and expenses. This is plainly inadequate, not only in its lack of detail and the failure to distinguish between

1

parties or claims, but also in the patently unsupportable theory that the Trustee could ever be responsible for the entirety of any shortfall in available funds to redeem the entirety of Depfa's bonds.

Further, as also stated by BNY Mellon, Depfa never supplemented its disclosures during the discovery period, as required by Rule 26(e) (and as Depfa represented it would in its initial disclosures).  Nor did it proffer expert testimony on damages.  The *only* subsequent statement that Depfa has made regarding its claim of damages against JPMC was in its letter, dated October 4, 2011, responding to JPMC's request to Judge Cote to file a summary judgment motion. In that letter, Depfa's counsel suggested that summary judgment would not streamline the upcoming trial by reducing the need to present damages evidence, because

> Depfa's damages claims against JPMC are very straightforward—by JPMC's entrance into an unauthorized amendment to the Indenture, DEPFA was damaged by all sums of money paid to Lloyds pursuant to such amendment.  This amount is easy to calculate (and not in dispute), and accordingly, DEPFA has not put forward any damages expert.

(Dkt. #71, at 2.)

This letter cannot serve to satisfy Depfa's Rule 26 obligation to supply a computation of damages.  In addition to the fact that this letter was sent *after* the close of all discovery (and well after the close of fact discovery),[1] there is of course no "computation" of damages or even so much as a statement as to the claimed amount.  It is unclear, moreover, what Depfa means when it says that it was damaged by "all sums of money paid to Lloyds *pursuant to such amendment.*" At this stage of the game, JPMC should not have to guess at what Depfa's theory of damages and damage causation is.

---

[1] Close of fact discovery in this matter was June 30, and close of expert discovery was September 30.  *See* Dkt. #57.

Even were it true, moreover, that "this amount is easy to calculate," that plainly does not relieve Depfa of the obligation to nevertheless supply the required computation and the documents that support it. *See, Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293-96 (2d Cir. 2006) (affirming district court's preclusion of damages and rejecting plaintiffs' argument that its damages were "simple arithmetic"). Of course, if things were so "easy to calculate" and "not in dispute," this only makes Depfa's failure to supply the required computation all the more inexcusable.[2] Depfa did not make the required disclosure, and the October 4 letter did not cure its failure. For the reasons stated in BNY Mellon's brief, therefore, JPMC joins in respectfully requesting that the Court preclude Depfa from offering damages evidence against JPMC at trial.[3]

Dated: October 31, 2011
       New York, NY

SATTERLEE STEPHENS BURKE & BURKE LLP


By: /Glenn C. Edwards
James J. Coster
Walter A. Saurack
Glenn C. Edwards

230 Park Avenue, 11th Floor
New York, NY 10169
(212) 818-9200
(212) 818-9606 (fax)

Attorneys for Third-Party Defendant/Crossclaimant JP Morgan Chase Bank, N.A.

---

[2] In its initial disclosures, Depfa stated that it was "unable to compute with any precision the damages due to it … because such computations depend on information in the possession of ALL and/or the Trustee." The amounts paid to Lloyds, if this were indeed an adequate basis for damages, were fully disclosed to Depfa well before the institution of this action.

[3] Should the Court nevertheless deem the October 4 statement to satisfy the requirements of Rule 26, then at a minimum the Court should preclude Depfa from offering any evidence or argument other than the "theory" stated in Depfa's letter.